**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHYLLIS COLEMAN, individually and as the
Administratix of the Estate of SANTIA N.
WILLIAMS,

CV 12 3509 **ORIGINAL**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 16 2012 ★

Docket No.:

LONG ISLAND OFFICE

*Plaintiffs,*

**COMPLAINT**

-against-

*Jury Trial is Demanded*

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
SHERIFFS DEPARTMENT, and Police Officers
And/Or Detectives JOHN AND JANE DOES 1 - 10,
and Deputy Sheriffs JOHN AND JANE DOES 11-
20,

# HURLEY, J

# LINDSAY, M

*Defendants.*
-----------------------------------------------------------X

PLAINTIFFS, PHYLLIS COLEMAN, individually and as Administratix for The Estate Of

SANTIA N. WILLIAMS,  by and through their attorneys, The Law Offices of Frederick K.

Brewington, provide the following Complaint and state and allege as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees against COUNTY OF SUFFOLK, SUFFOLK

COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and

Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN

AND JANE DOES 11- 20, for committing acts under color of law and depriving plaintiffs of rights

secured by the Constitution and laws of the United States and the State of New York for violations

of the Plaintiffs' rights, brought pursuant to federal statue 42 *U.S.C.* § 1983, and state causes of

action for negligence, gross negligence, abuse of process, wrongful death, loss of consortium and

parental care, and *prima-facie* tort violations.

2.     Specifically, Plaintiffs allege that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive them of their Constitutional rights, pursuant to the above mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiffs of rights secured by the Constitution and laws of the State of New York.

3.     Plaintiffs allege that Defendants (collectively and individually), their agents, employees and servants unlawfully created, harbored, supported, condoned, and facilitated a dangerous and life-threatening circumstance for Deceased Plaintiff SANTIA N. WILLIAMS, which directly and ultimately led to SANTIA N. WILLIAMS' harm, injury, continued harassment by Jason Jenkins, conscious pain and suffering, and wrongful death.

4.     Plaintiff alleges that the Municipal Defendants, with knowledge of the dangerous situation faced by Plaintiff SANTIA N. WILLIAMS, allowed Jason Jenkins to continue to stalk, menace, torture, harass, annoy, injure, kidnap, physically and verbally threaten, physically and verbally endanger the life and well-being of Deceased Plaintiff SANTIA N. WILLIAMS.

5.     Jason Jenkins did in fact subject Plaintiff SANTIA N. WILLIAMS to the above-described abuses and recklessly, indifferently, intentionally caused the death of SANTIA N. WILLIAMS all due to the failures, actions and inaction of the Municipal Defendants.

6.     Municipal Defendants were grossly negligent, negligent, reckless, indifferent, and/or intentionally and recklessly breached their duties of care and legal obligation with respect to their interactions with and treatment of Plaintiffs as described herein - which directly caused the injuries and death of Deceased Plaintiff SANTIA N. WILLIAMS and Plaintiffs.

7.     Plaintiffs further allege that Defendants (collectively and individually) were negligent in training, hiring, supervising and investigating its police officers, employees, representatives, and/or agents (including SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20). Additionally, Defendants are liable to

2

the Plaintiffs for abuse of process, and for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the individual Defendants, and by maliciously failing to investigate, control, or attempt to control, the actions of Jesse Jenkins prior to the death of Deceased Plaintiff SANTIA N. WILLIAMS.

8.     As a direct result of the Municipal Defendants' actions (or lack thereof), Plaintiff SANTIA N. WILLIAMS was tortured, stalked, menaced, maimed, harassed, annoyed, injured, threatened, mutilated, kidnaped and killed by Jesse Jenkins, and are liable for causing expenses, and special damages due to the Defendants' actions, including but not limited to: substantial legal fees, substantial burial and funeral costs, medical bills, lost income, loss of employment, loss of employment potential, loss of consortium, loss of life, loss of liberty, and other cost/expenses.

9.     Plaintiffs allege Municipal Defendants, in willingly, recklessly, indifferently, and knowingly acting with Jesse Jenkins to deprive Plaintiffs of their various constitutional rights, conspired and/or with a callous disregard for the consequences of their actions and otherwise acted under the color of law to deprive Plaintiffs of their rights and privileges in violation of 42 *U.S.C.* § 1983. In addition, Defendants were negligent, grossly negligent and/or breached their duties of care with respect to their interactions with Plaintiffs, prior to, and including  the date of  SANTIA N. WILLIAMS', murder/death as described below.

10.     On or about September 9, 2011, Plaintiffs timely and properly served a notice of claim on the Municipal Defendants in accordance with the General Municipal Law §50-e. Thereafter, the County Of Suffolk conducted a hearing and/or held an examination of PHYLLIS COLEMAN pursuant to General Municipal Law § 50-h.

11.     On or about July 9, 2012 Defendant County on behalf of all the Defendants conducted a hearing and/or held an examination of PHYLLIS COLEMAN and then on or about July 12, 2012, Plaintiffs timely and properly served an amended notice of claim on the Municipal Defendants in accordance with the General Municipal Law §50-e changing the designation of PHYLLIS COLEMAN from Proposed Administrator to Administrator.

3

## JURISDICTION AND VENUE

12.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

13.     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14.     Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that Plaintiffs reside in Nassau County. Furthermore, the place where the events and violations herein alleged occurred was in Nassau County.

## PARTIES

15.     PHYLLIS COLEMAN, is the natural mother and duly appointed Adminstratix of the Estate of Plaintiff Deceased Plaintiff SANTIA N. WILLIAMS (hereinafter collectively referred to as "Plaintiffs"). At the time/date of the filing of the instant Complaint, Plaintiff SANTIA N. WILLIAMS is no longer living and/or is deceased. At the time of the events listed in this Complaint, Plaintiffs resided in Brentwood, County of Suffolk, State of New York.

16.     Upon information and belief, Defendant COUNTY OF SUFFOLK (hereinafter "COUNTY") is a duly constituted municipal corporation of the State of New York. Upon information and belief, the COUNTY formed and has direct authority over several different departments including the Suffolk County Police Department and the Suffolk County Sheriffs Department. The aforementioned departments and/or the employees, agents or representatives of said departments are directly involved in violations that are at issue in this complaint.

17.     Upon information and belief, Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 are police officers, detectives, deputy sheriffs, agents, and/or are otherwise employed by the COUNTY under the direction of the SUFFOLK COUNTY POLICE DEPARTMENT and were acting in furtherance of the scope of their employments and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the County of Suffolk. Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10 are being sued herein in their individual and official capacities. Prior to

4

the filing of this Complaint, Plaintiffs made reasonable requests to Defendants seeking the identity of the Police Officers, Plaintiffs' requests were rebuffed.

18.     Upon information and belief Deputy Sheriffs JOHN AND JANE DOES 11- 20 are police officers, detectives, deputy sheriffs, agents, and/or are otherwise employed by the COUNTY under the direction of the SUFFOLK COUNTY SHERIFFS DEPARTMENT and were acting in furtherance of the scope of their employments and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the County of Suffolk. Deputy Sheriffs JOHN AND JANE DOES 11- 20  are being sued herein in their individual and official capacities. Prior to the filing of this Complaint, Plaintiffs made reasonable requests to Defendants seeking the identity of the Deputy Sheriffs JOHN AND JANE DOES 11- 20 , but Plaintiffs' requests were rebuffed.

19.     Upon information and belief, Jesse Jenkins, who is deceased,  was an acquaintance of the Deceased Plaintiff SANTIA N. WILLIAMS prior to her death. Jesse Jenkins is also the biological father of Plaintiff's child Arianna Virginia Williams. Jesse Jenkins is currently deceased, having committed suicide following his committing the murder of SANTIA N. WILLIAMS. Jesse Jenkins intentionally, callously, recklessly caused the death of Plaintiff SANTIA N. WILLIIAMS as described in detail below.

### FACTUAL ALLEGATIONS

20.     On or about July 12, 2011, at 1 Spruce Street, located in Bayshore, County of Suffolk, State Of New York Deceased Plaintiff SANTIA N. WILLIAMS was murdered and/or caused to wrongfully expire at the hands of Jesse Jenkins.

21.     Deceased Plaintiff's untimely death occurred as a direct result of Collective Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants' failure(s) to provide her with the necessary police protection and/or to intervene at a

time when they were aware that Deceased Plaintiff was in immediate physical danger - both within and outside Defendants' presence, including but not limited to timely and proper police assistance and security, timely and proper administrative action by all Defendants, including investigation.

22.     Deceased Plaintiff's untimely death occurred as a direct result of Collective Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failure(s) to provide her with the necessary police protection. SANTIA WILLIAMS was denied adequate, proper and timely police protection, was forced to endure pain and suffering, was forced to suffer summary punishment, was ignored as to real and immediate complaints as to her health and safety.

23.     Deceased Plaintiff's untimely death occurred as a direct result of Collective Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20's affirmative creation and facilitation of a dangerous circumstance wherein Jesse Jenkins was allowed to threaten, harass, stalk, target, menace and then cause death to and/or brutally murder Deceased Plaintiff - within and/or within close proximity in time to the Defendants refusal to arrest, restrain, apprehend and or limit the contact of Jesse Jenkins to SANTIA N. WILLIAMS.

24.     Santia N. Williams, was born on January 3, 1985 and just prior to her death lived at 1 Spruce Street, Bayshore, NY.  In or about 2010 she met Jason Jenkins and became romantically involved with him. At the time she met Jenkins, she had one daughter, Aniyah Phylicia Williams Johnson, born on June 1, 2006.

25.     Sanita Williams had a child with Jason Jenkins, Arianna Virginia Williams, born on April 28, 2011.  Jenkins and Santia Williams had a stormy relationship and Santia called the

Suffolk County Police Department on numerous occasions in an effort to stop Jenkins from physically and verbally assaulting and bullying her.

26.     SANTIA N. WILLIAMS told her mother, Phyllis Coleman that she argued a lot with Jenkins.  In 2011, SANTIA N. WILLIAMS told her mother that Jesse Jenkins had pushed her and she called the police but nothing was done to him.  SANTIA N. WILLIAMS lived with her sister Shannah Jordan in an apartment at the 1 Spruce Street building in Bayshore.  A few weeks after the first incident, Jenkins hit SANTIA N. WILLIAMS with his car and pushed her to the ground. This incident, upon information and belief occurred in Bellport.  SANTIA N. WILLIAMS called the police but no arrest of Jesse Jenkins was made at that time.

27.     Jesse Jenkins's physical and verbal abuse toward and against Plaintiff SANTIA N. WILLIAMS, as well as her children, remained ongoing and continuous after Plaintiff ended the relationship with Jesse Jenkins, including stalking and willful defiance to Court issued Orders of Protection and legal directives.

28.     Plaintiff SANTIA N. WILLIAMS was caused to contact law enforcement authorities of the Defendants  COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 on numerous occasions to make and/or to file reports of abuse and harassment against Jesse Jenkins.

29.     Plaintiff SANTIA N. WILLIAMS sought the protection and intervention from the COUNTY OF SUFFOLK with respect to Jesse Jenkins.

30.     COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants were collectively placed on notice (by both Plaintiff SANTIA N. WILLIAMS and members of her family including PHYLLIS COLEMAN) of Jesse Jenkins' ongoing abusive

behavior against Plaintiff SANTIA N. WILLIAMS on numerous occasions prior to and at the time of Death/Murder of Plaintiff SANTIA N. WILLIAMS.

31.     At all times relevant to the Complaint, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants were fully aware of the full identity of Jesse Jenkins and his abusive and illegal physical actions against Plaintiff SANTIA N. WILLIAMS and her children.

32.     In March, 2011, Santia was asleep in the same sleeping area as Jenkins and at that time he rolled her up in a blanket and beat her up with a frying pan. The police were called but they did not arrest Jenkins. At that time SANTIA N. WILLIAMS was obviously pregnant with the child Arianna Virginia Williams, born on April 28, 2011. Continuously from the year 2010 through 2011, SANTIA N. WILLIAMS made numerous complaints to the COUNTY OF SUFFOLK regarding her fear of Jesse Jenkins and the fear for her and her children's health, life and safety.

33.     Continuously from the year 2010 through 2011, SANTIA N. WILLIAMS made numerous complaints to the SUFFOLK COUNTY POLICE DEPARTMENT, regarding her fear of Jesse Jenkins and the fear for her and her children's health, life and safety.

34.     After Arianna Williams was born on April 28, 2011, Jenkins and Santia lived together at another apartment in the Spruce Street building where Shannah lived. Santia rented the apartment in her name only. Santia did not leave Jenkins because she was in fear that Jenkins would hurt Shannah.

35.     On or about June 19, 2011, Santia moved into Shannah's apartment because of Jenkins' mental, verbal and physical abuse. At that time, Jenkins was upset that he missed spending most of Father's Day with his daughter.

36.     The next day, Jenkins banged on Shannah's door and then went down to their

apartment and proceeded to throw all of Arianna's belongings along with a bed belonging to Santia's 5 year old daughter, into the street.

37.     Santia called the police complaining that Jenkins punched her in the face and was trying to kick in her windows. Phyllis Coleman arrived during the altercation. Santia wanted Jenkins arrested at that time. The police told Santia nothing could be done to Jenkins because the apartment belonged to him as well. Santia moved out of the apartment and moved back in with her sister, Shannah. Santia was terrified of Jenkins at this time.

38.     After the police left, Jenkins then said he would set fire to the building. Shannah Jordan called the police and the police questioned Jenkins who denied he said it. No action was taken against Jesse Jenkins and he was allowed to go free.

39.     On June 28, 2011, Santia Williams went to the Family Court and filed a Family Offense Petition stating that she had been living with Jenkins since March , 2011, when she was pregnant with their daughter. She stated that the police were called on several occasions by her on her behalf. She related the trip she took to Maryland and what occurred when she returned on Father's Day, June 19, 2011. She also informed them, that rather than continue their argument and suffer his further wrath, she went to her sister's apartment.

40.     On the following day he threw out (among other things) a playpen/bassinet along with the bed frame and most of the child's clothing. He verbally abused SANTIA N. WILLIAMS and shoved both Santia and Shannah. The police were called and eventually came and made Jenkins put the belongings back into the apartment. He threatened to set the apartment on fire but the police did not want to make him leave and did not arrest him or address his overt threat to commit a felony.

41.     On another occasion he tried to take the baby from SANTIA N. WILLIAMS while she was carrying her in the car seat. Jenkins also stalked and followed Santia and on at least one occasion, she went to the Third Precinct but they refused to help her, would not file any reports and told her there was nothing they could do.

9

42.     A Temporary Order of Protection was issued on June 28, 2011, by the Family Court of the State of New York, County of Suffolk, File # 119321, Docket # O-11209-11 requiring Jenkins to refrain from communicating with Santia, assaulting or any other type of physical contact, refrain from acts of domestic violence, and to observe such other conditions necessary to further the purposes of protection.  The service was directed by police service.

43.     After Jesse Jenkins attempted to take the baby, Santia contacted the police and was told there was no custody order in the Order of Protection and it had not been served on Jenkins.  Her mother, Phyllis Coleman contacted the Suffolk County Police to ask if she could hire a private process server to serve the Order on Jenkins.  She was told to contact the Sheriff's Department.  This was done immediately.

44.     She was told by the Sheriff's Department that they would have to serve the order personally on Jenkins but he had no current address as he moved out of the apartment at the end of June.  It was explained that he was continuing to stalk, threaten, harass and abuse SANTIA N. WILLIAMS, however this information was ignored.

45.     Jesse Jenkins kidnaped Arianna on July 4, 2011 and did so from the hands of SANTIA N. WILLIAMS.  Plaintiff SANTIA N. WILLIAMS feared for the safety and well fair of her daughter.  These facts were reported to Defendants and they took no action and advised that they would take no action.

46.     SANTIA N. WILLIAMS was told by Defendants that they did not want to arrest Jenkins because he had not yet been served with the Order of Protection which had been issued a week before.   Santia on that occasion and on numerous other occasions asked to have Jenkins arrested.  Each of her requests were denied by Defendants.

47.     Santia N. Williams returned to the Family Court to petition for custody of her child Arianna on July 5, 2011.  She stated in the petition that Jenkins took Arianna on July 4, 2011 and said he was leaving the state.  SANTIA N. WILLIAMS informed the Court, as she had informed the police, that Jesse Jenkins took the child over Santia's objection, but that she did not

physically resist him to prevent him from take the child as she feared for her own safety and did not want him to harm the baby.

48.     She requested temporary custody until a trial date. On July 6, 2011 she petitioned to modify the Order of Protection due to Jenkins' failure to return Arianna to her.

49.     Later on July 6, 2012, Jenkins finally returned Arianna to Santia. The Defendants, and none of them took any action to serve the Order of Protection issued on June 28, 2011 even though they were advised of Jesse Jenkins' whereabouts and his activity which was clearly in violation of the Court ordered Order of Protection.

50.     For an extended time period, prior to and including 2011, SANTIA WILLIAMS made numerous complaints to the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT AND SHERIFF'S OFFICE, regarding her fear of Jesse Jenkins and the fear for her and her children's health, life and safety. On several occasions, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, AND SHERIFF'S OFFICE failed to respond and/or failed to properly and fully prosecute Jason Jenkins.

51.     Late on July 11, 2011 and/or into the early hours of July 12, 2011, Jenkins used a crowbar to unlawfully enter Shannah's apartment where SANTIA N. WILLIAMS, her children, her sister and her sister's son Darius were all sleeping in the apartment with a reasonable degree and expectation that they would be safe.

52.     On or about July 12, 2011, SANTIA N. WILLIAMS wrongfully died as a result of Defendants'  COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failure to provide her with the necessary police protection. SANTIA WILLIAMS was denied adequate, proper and timely police protection, was forced to endure pain and suffering, was forced to suffer summary punishment, was ignored as to real and immediate complaints as to her health and safety. Shannah and Darius were able to escape the premises however, after a long period of

11

time, Jenkins fired a shotgun at Santia and she was struck in the torso and died from her wounds. Jenkins then killed himself.

53.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failed to properly respond to known complaints/concerns raised by Plaintiff SANTIA N. WILLIAMS. and on her behalf against Jesse Jenkins.

54.     On several occasions, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failed to arrest, prosecute and properly charge Jesse Jenkins for his ongoing criminal actions against Plaintiff SANTIA N. WILLIAMS and her children.

55.     At all times relevant to this Complaint, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 knew, and/or knew of, Jesse Jenkins.

56.     At all times relevant to this Complaint, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 knew, and/or knew of, Jesse Jenkins through his numerous involvements with the criminal justice system - including but not limited to his prior arrests.

57.     At all times relevant to this Complaint, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 knew, and/or should have known of, Jesse Jenkins through his numerous involvements with the criminal justice system - including but not limited to domestic

dispute incidents related to Jesse Jenkins and Deceased Plaintiff SANTIA N. WILLIAMS wherein the COUNTY OF SUFFOLK Defendants were provided notice, requested to provide assistance and caused to intervene and assist Deceased Plaintiff SANTIA N. WILLIAMS and her children.

58.     At all times relevant to this Complaint, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 knew, and/or knew of, Jesse Jenkins through prior involvement that Jesse Jenkins had with COUNTY OF SUFFOLK Police Defendants on prior occasions.

59.     As a result of prior domestic dispute incidents, involving Jesse Jenkins wherein Deceased Plaintiff and her family were caused to seek assistance and protection from COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 through police contact asking for assistance; a temporary order of protection which was requested and obtained; and a request that immediate action be taken for the enforcement of that order of protection, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were on notice, both actual and implied that there was an urgent need by all Defendants to protect Deceased Plaintiff SANTIA N. WILLIAMS and her children from Jesse Jenkins, who they knew or should have known was a danger and posed a threat to the welfare, safety and lives of Deceased Plaintiff and her children.

60.     As a result of prior domestic dispute incidents, involving Jesse Jenkins wherein Deceased Plaintiff was caused to seek assistance and protection from COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and

Deputy Sheriffs JOHN AND JANE DOES 11- 20 , multiple requests were made for help and for

his arrest; an order of protection was issued by the state courts against Jesse Jenkins on behalf of

Deceased Plaintiff and her children; and ample opportunities presented themselves to allow for

the full enforcement and arrest of Jesse Jenkins.

   61. The failure of COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE

DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers

And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE

DOES 11- 20, their agents and employees, to provide prompt and/or timely and/or adequate

policing, protection, emergency intervention, care and  observation; failing to respond in a timely

and proper fashion to 911 calls; failing  to properly and timely respond to calls for emergency

assistance;  failing to heed complaints; failing to respect and honor court Orders of Protection;

failing to heed information; failing to heed pleas; failing to consider urgent and emergent

circumstances; failing to investigate complaints; failing to conduct tests; failing to maintain

proper and adequate records; failing to properly administer justice; failing to pursue legal

options; failing to provide personal security and protection of bodily integrity; failing to intervene

and failing to provide police protection despite a responsibility and/or legal obligation to do so at

all times prior to the death of SANTIA N. WILLIAMS, while she and her children were in need

of said services, without any negligence on the part of the deceased SANTIA N. WILLIAMS'

contributing thereto. As a result of the aforesaid negligence, failures and wrongful acts, decedent

SANTIA WILLIAMS sustained severe personal and economic injuries, including but not limited

to conscious pain and suffering, resulting in death, as well as loss income, benefits, parental

obligations, support, care, maintenance and services which would have otherwise been supplied.

   62. The order of protection issued against Jesse Jenkins stipulated and specified that

Jesse Jenkins was required to stay away from Deceased Plaintiff and her children and refrain

from any and all communication and/or contact with SANTIA N. WILLIAMS and her children.

63.     At all times relevant to this Complaint, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 knew, should have known, and/or would have known with reasonable diligence that the temporary order of protection, was issued against Jesse Jenkins wherein he was directed to stay away from Plaintiff SANTIA N. WILLIAMS and refrain from any and all communication and/or contact with SANTIA N. WILLIAMS and her children.

64.     Pursuant to an active order of protection that existed on June 28, 2011 against Jesse Jenkins, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were all fully aware that Jesse Jenkins could not go near Plaintiff SANTIA N. WILLIAMS.

65.     Pursuant to an active order of protection that existed on June 28, 2011 COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 knew that a violation of the Stay Away Order of Protection by Jesse Jenkins should automatically amount to a criminal offense wherein Jesse Jenkins should be arrested, prosecuted, and potentially serve a term of imprisonment.

66.     Despite the existence of the aforementioned orders of protection, Jesse Jenkins continued to intentionally disregard the law and orders and contact Deceased Plaintiff SANTIA N. WILLIAMS without grant of Court, her consent and against her clear demands to Jesse Jenkins to cease such contact.

67.     Despite the existence of the aforementioned order of protection, Jesse Jenkins continued to intentionally disregard the law and subject Plaintiff SANTIA N. WILLIAMS and

her children to abuse, threats, threatening behavior, intimidating behavior, harassment and physical violence - after the order of protection was in place.

68.     Plaintiff SANTIA N. WILLIAMS and her family continually advised Jesse Jenkins to stop violating the order of protection and to cease contacting Plaintiff SANTIA N. WILLIAMS and her children.

69.     Jesse Jenkins disregarded Plaintiff SANTIA N. WILLIAMS' (and the court's) orders to stay away from Plaintiff SANTIA N. WILLIAMS and her children.

70.     Instead, Jesse Jenkins expressed, and made clearly known to everyone (including the COUNTY OF SUFFOLK Defendants), his intent to continue to violate the court order of protection and to continue to harass Plaintiff SANTIA N. WILLIAMS.

71.     Jesse Jenkins did intentionally and willingly ignore the wishes of Plaintiff, the Order of the Court, and the mandate of the COUNTY OF SUFFOLK to stay away from Plaintiff SANTIA N. WILLIAMS and her children and continued to contact, harass, threaten, abuse, coerce, and attempt to contact, deceased Plaintiff SANTIA N. WILLIAMS, in clear and open defiance of the existing Order of Protection.

72.     COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were contacted by Plaintiff SANTIA N. WILLIAMS on numerous occasions and advised that Jesse Jenkins had violated the stay away order of protection. On each occasion, Plaintiff SANTIA N. WILLIAMS and her family requested that SANTIA N. WILLIAMS be arrested and fully prosecuted, to no avail on most occasions.

73.     For example, on one occasion that took place in July 4, 2011 , Plaintiff SANTIA N. WILLIAMS and/or her family contacted 911 emergency and advised the SUFFOLK COUNTY POLICE Defendants that Jesse Jenkins was at her home, had taken her child and

placed her in fear - against a valid order of protection.

74.     The police officers confirmed that an order of protection was issued at that time but refused to take action claiming that they could do nothing because Jesse Jenkins had not been served with the Order of Protection.  Plaintiff, SANTIA N. WILLIAM'S person, security, home and expectation of protection was violated by Jesse Jenkins, and same was done so with the apparent approval and acknowledgment of Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 .

75.     The Police officers John Does eventually came to Plaintiff SANTIA N. WILLIAMS' home and despite clear evidence and a live complainant failed and refused to take any action to address the criminal actions engaged in by Jesse Jenkins which was in violation of an order of protection that was valid, active and in place for months prior to this incident.

76.     Just two days later, on July 6, 2012, Jesse Jenkins had further unauthorized contact with Plaintiff SANTIA N. WILLIAMS when he returned Arianna to Santia.  This violation was also made know to Defendants.  Despite being made fully aware of the actions of Jesse Jenkins, the Defendants, and none of them took any action apprehend Jesse Jenkins; locate Jesse Jenkins; to contact Jesse Jenkins; or to serve the Order of Protection issued on June 28, 2011 even though they were advised of Jesse Jenkins' whereabouts and his activity which was clearly in violation of the Court ordered Order of Protection and in violation of a standing stay away order of protection.

77.     Jesse Jenkins was not arrested on this occasion. Further to this grant or authority to him by Defendants, who did nothing about his violation(s) of the standing stay away order of protection, Jesse Jenkins continued his violative behavior immediately after this incident. Jesse Jenkins continued to contact Plaintiff SANTIA N. WILLIAMS by telephone, in person, and by

and through his efforts to take and harm the children.

78. In some of these communications to Plaintiff SANTIA N. WILLIAMS, Jesse Jenkins would threaten Plaintiff SANTIA N. WILLIAMS with burning her home and physical harm if she continued to pursue her Order of Protection and issues of custody of the children.

79. Plaintiff SANTIA N. WILLIAMS and her family continually made the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 aware that Jesse Jenkins continued to violate the orders of protection.

80. Plaintiff SANTIA N. WILLIAMS continually made the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 members of the Third Precinct that she was concerned for her safety, as well as the safety of her children.

81. Between June 28, 2011 and July 12, 2011, Jesse Jenkins openly and blatantly violated the stay away order of protection against him and did so with the direct knowledge of Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20  on more than one occasion.

82. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20,  as direct recipients of complaints and evidence of penal code and other violations of law as committed by Jesse Jenkins, which constituted numerous violations of SANTIA N. WILLIAMS'

rights and the mandate of the order of protection, could have arrested, prosecuted and/or continued the prosecutions of Jesse Jenkins for kidnaping, assault, menacing, harassment, contempt and/or other crimes.

83.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, as direct recipients of complaints and evidence of penal code and other violations of law as committed by Jesse Jenkins, which constituted numerous violations of SANTIA N. WILLIAMS' rights and the mandate of the order of protection, did not need require any further evidence, information or knowledge in order to arrest and prosecute Jesse Jenkins.

84.     Pursuant to the Family Court Act and the Criminal Procedure Law of the State of New York, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, as direct recipients of complaints and evidence of penal code and other violations of law as committed by Jesse Jenkins, which constituted numerous violations of SANTIA N. WILLIAMS' rights and the mandate of the order of protection, had affirmative duties to prevent, arrest, and/or prosecute Jesse Jenkins when they became aware of his violations.

85.     Pursuant to the Family Court Act and the Criminal Procedure Law of the State of New York, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 as the direct recipients of complaints and evidence of penal code and other violations of law as committed by Jesse Jenkins, which constituted numerous violations of SANTIA N. WILLIAMS' rights and the mandate of the order of protection, had affirmative duties to prevent, arrest, and/or

prosecute were informed, learned and verified that Jesse Jenkins was in violation of the order of protection.

86.     Upon information and belief, the COUNTY OF SUFFOLK Defendants, on several occasions, did little to nothing in response to Plaintiff SANTIA N. WILLIAMS' concerns. Plaintiff's complaints were ignored and the violations of Jesse Jenkins against Plaintiff SANTIA N. WILLIAMS and her children continued and escalated.

87.     Despite their personal knowledge that Jesse Jenkins continued to violate the order of protection and continued to stalk, harass and menace Plaintiff SANTIA N. WILLIAMS and her children, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 did nothing to prevent Jesse Jenkins' repeated violations.

88.     Instead, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 blamed the victim, SANTIA N. WILLIAMS, and gave the excuse of non service of the Order of Protection, and the unexplained failing by defendants to follow through with the criminal process against Jessie Jenkins, among other things, despite SANTIA N. WILLIAMS' requests, urgent pleas and  clear willingness to do what need to be done to secure her safety and the safety of her children.

89.     Due to the repeated failures of  COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police

Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 to take action against Jesse Jenkins and in favor of SANTIA N. WILLIAMS, and/or the Defendants' affirmative and willing refusal to adhere to their duties to take action against Jesse Jenkins, Plaintiff SANTIA N. WILLIAMS and her family were all caused to believe that their complaints to the Police were futile.

90.     Plaintiff SANTIA N. WILLIAMS' repeated complaints to the Police were, in fact, futile (as alleged and described below).

91.     Due to the actions of the COUNTY Defendants, the court-issued an order of protection that was provided for the benefit of Plaintiff SANTIA N. WILLIAMS and her children were, in fact, futile and unenforced.

92.     Due to the actions and failures of the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, Jesse Jenkins was effectively allowed, and in some occasions encouraged, allowed to violate Plaintiff's rights, commit crimes, disobey said order of protection and disregard same as being of no consequence.

93.     To Jesse Jenkins, the order of protection was not taken seriously.

94.     To COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, the orders of protection were not treated with a sense of importance and urgency.

95.     To COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, their affirmative duties to enforce compliance with the order of protection and the laws of the State of

21

New York were not treated with a sense of importance and urgency.

96.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, blatantly disregarded the proper and strict enforcement of the order of protection and the laws of the State of New York because they were not treated with a sense of importance and urgency.

97.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, blatantly disregarded the order of protection because their duties to enforce the order were unimportant.

98.     In or around July 12, 2011, because The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 actually interview and were informed by witnesses of Jesse Jenkins violations of the order of protection, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 could have supplied witnesses, provided testimony and evidence to a court for the establishment of probable cause against Jesse Jenkins.

99.     In or around and from June 28, 2011 to July 12, 2011, because The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS

DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 actually spoke to witnesses and the subject of the protection of the Order of Protection who was ready willing and able to swear to that Jesse Jenkins had violate the orders of protection, any excuse of the Order of Protection not having been formally served on Jesse Jenkins was no reason to fail to take action.

100. Nevertheless, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 refused to arrest Jesse Jenkins, refused honor the complaints lodged by SANTIA N. WILLIAMS and her family; failed to locate, arrest or even served Jesse Jenkins, and failed to prosecute Jesse Jenkins for violating the orders of protection and instead they continued to give Plaintiff SANTIA N. WILLIAMS excuses, procedural run-arounds, and false reasoning , while giving Jesse Jenkins leniency and virtual free reign to continue to stalk Plaintiff SANTIA N. WILLIAMS and her children.

101. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 continued to affirmatively represent to Plaintiff SANTIA N. WILLIAMS (to her detriment) and her family that they could do nothing to arrest Jesse Jenkins, including but not limited to giving false and misleading statements and interpretations of law, and telling SANTIA N. WILLIAMS and her family that they could not arrest or seize Jesse Jenkins, despite obvious complaints of criminal actions by Jesse Jenkins and allowed him to be free of police contact and be free from detention.

102. COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives

JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, failed to arrest, failed to heed the complaints of Plaintiff SANTIA N. WILLIAMS and her family, failed to properly investigate, failed to prepare the necessary witnesses, failed to locate, failed to detain, failed to charge, failed to conduct a felony exam, failed to direct the Detectives, Police and necessary witnesses to sign complaints/depositions and/or testify, failed to schedule witnesses for a felony exam, failed to gather the necessary admissible and documentary evidence and failed to present such evidence to a Judge or Court and failed to even prepare for a potential felony arrest as it relates to Jesse Jenkins.

103. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failed to properly respond to known complaints/concerns raised by Plaintiff SANTIA N. WILLIAMS and her family on her behalf against Jesse Jenkins.

104. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, treated the incidences reported to them and complained of as if they were minor and allowed Jesse Jenkins to continue to violate the order of protection and kill SANTIA N. WILLIAMS.

105. On several occasions throughout the years 2010 and 2011, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally ignored Plaintiff SANTIA N. WILLIAMS and her family's repeated complaints against Jesse Jenkins.

106. On one or more of these occasions, the COUNTY OF SUFFOLK Defendants would arrive at Plaintiff's residence, or respond to a call from Plaintiff or her family, to find that

Jesse Jenkins had just appeared at that location and had just left - in violation of existing and standing order of protection.

107.    On occasions when the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants would arrive at Plaintiff's residence and/or Plaintiff's family residence, or respond to a call from Plaintiff or her family regarding Defendant Jesse Jenkins and treated Jesse Jenkins as a minor nuisance - as opposed to someone that repeatedly threatened, committed crimes and violated a Court Order and other laws of the State of New York despite have heard direct complaints of crimes, including but not limited violation of an existing Order of Protection, from Plaintiff SANTIA N. WILLIAMS and her family.

108.    On many of these occasions when the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants would arrive at Plaintiff's residence and/or Plaintiff's family residence, or respond to a call from Plaintiff or her family regarding Jesse Jenkins and make excuses that were not valid as to why they could not arrest, detain or take action against Jesse Jenkins, and the Police intentionally refused to arrest Jesse Jenkins despite Plaintiff and her family's specific requests to do so.

109.    Jesse Jenkins taking this as a sign of permission returned and continue to harass Plaintiff SANTIA N. WILLIAMS and her children because he knew that the Police Defendants would do nothing to stop him and Jesse Jenkins regarded any police action as not serious.

110.    Plaintiff SANTIA N. WILLIAMS and her family also regarded their complaints as futile due to the repeated intentional failures of the Police Defendants to act in the face of Jesse Jenkins' blatant violations. As a result, Plaintiff SANTIA N. WILLIAMS often expressed

concerns that she knew she and/or her children would be hurt or killed by Jesse Jenkins because the Police, Sheriffs and the County of Suffolk would not protect her.

111. By knowingly allowing Jesse Jenkins to continue to violate the order of protection, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 affirmatively assisted in creating and increasing the danger to Plaintiff SANTIA N. WILLIAMS and allowing her death to occur.

112. By intentionally failing to adhere to their known duties, pursuant to New York State Law, to arrest and control Jesse Jenkins, who violated the order of protection about which the Police Defendants were fully informed on numerous occasions, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 affirmatively assisted in creating and increasing the danger to Plaintiff SANTIA N. WILLIAMS.

113. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 explicitly and implicitly represented to Plaintiff SANTIA N. WILLIAMS that they would protect her, and/or prevent Jesse Jenkins from going near her. Plaintiff SANTIA N. WILLIAMS, while living in fear, was affirmatively caused to rely on said representations and promises to her detriment.

114. By affirmatively creating any expectations in Plaintiff SANTIA N. WILLIAMS, and by failing to adhere to their known duties, pursuant to New York State Law, to arrest and control Jesse Jenkins, who openly violated the order of protection with the full knowledge of the Police Defendants on numerous occasions, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE

26

DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 affirmatively assisted in creating and increasing the danger to Plaintiff SANTIA N. WILLIAMS and allowing her death to occur.

115.    As a matter of law, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were obliged to investigate and take appropriate action against Jesse Jenkins for his open and obvious violations of the order of protection.

116.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were well aware, the Plaintiff SANTIA N. WILLIAMS was in danger and that Jessie Jenkins' multiple acts of contempt should have been treated seriously.

117.    At all times, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that Plaintiff SANTIA N. WILLIAMS was relying upon them pursuant to their promises to Plaintiff SANTIA N. WILLIAMS as well as the terms of the standing order of protection.

118.    By their affirmative actions, promises to Plaintiff, and as per the order of protection, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had an affirmative duty to act on behalf of Plaintiff SANTIA N. WILLIAMS.

119.     By their affirmative actions, promises to Plaintiff, and as per the order of protection, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 knew that their grossly negligent and intentional acts (in allowing Jesse Jenkins to continue to violate the order of protection) could and/or would be harmful to Plaintiff SANTIA N. WILLIAMS.

120.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 lulled Plaintiff SANTIA N. WILLIAMS into a false sense of security and induced Plaintiff to believe that she would be protected.

121.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 affirmative actions, assisted Jesse Jenkins to continue to harass Plaintiff SANTIA N. WILLIAMS and effectively encouraged and facilitated said violations by Jesse Jenkins.

122.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware of at least five (5)incidences in between the years 2010 - 2011 wherein Jessie Jenkins blatantly violated an order of protection that were existing.

123.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware of an incident which that took place in July 4, 2011 , Plaintiff SANTIA N. WILLIAMS and/or her family

28

contacted 911 emergency and advised the SUFFOLK COUNTY POLICE Defendants that Jesse Jenkins was at her home, had taken her child and placed her in fear - all in violation of a valid order of protection.

124.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that between June 28, 2011 and July 12, 2011, Jesse Jenkins openly and blatantly violated the stay away order of protection against him and did so with the direct knowledge of Defendants. They were not only aware of the abduction of Plaintiff SANTIA N. WILLIAMS' child on the 4th of July, 2011, but on July 6, 2012, Jesse Jenkins had further unauthorized contact with Plaintiff SANTIA N. WILLIAMS when he returned Arianna to Santia. This violation was also made know to Defendants. Despite being made fully aware of the actions of Jesse Jenkins, the Defendants, and none of them took any action apprehend Jesse Jenkins; locate Jesse Jenkins; to contact Jesse Jenkins , knowing that he had kidnaped, and committed  other vicious criminal acts to Plaintiff SANTIA N. WILLIAMS and then held her hostage at gunpoint prior to her death.

125.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that Jessie Jenkins needed to be detained and restrained from further contact with Plaintiff SANTIA N. WILLIAMS and her children, but refused repeated requests for them to take action.

126.    Plaintiff SANTIA N. WILLIAMS and/or her family were told that no action would be taken because Jesse Jenkins, who was aware of the valid order of protection, had not yet been served. Plaintiff SANTIA N. WILLIAMS and/or her family offered to hire a private process server in response to the excuse of Jesse Jenkins not being served and were told that they were not allowed to have Jesse Jenkins served.

127.    Even when Plaintiff SANTIA N. WILLIAMS and/or her family wanted to report the abduction and kidnaping of the child on July 4, 2011, Defendant Police refused to accept the complaint, refused to conduct any search for Jesse Jenkins and refused to acknowledge that the taking of the child from Plaintiff SANTIA N. WILLIAMS was without her permission and was a violation of the order of protection.

128.    After the attempt to have Defendant Police take a complaint and arrest Jesse Jenkins, Defendants failed to consider that Plaintiff SANTIA N. WILLIAMS and her children were in danger as had been acknowledge by the issuance of a Court ordered order of protection.  Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 through their failures to act and failures to acknowledge the obvious violations and danger faced by Plaintiff SANTIA N. WILLIAMS and her children, encouraged and condoned the criminal actions taken by Jesse Jenkins.

129.    In each of the above-described incidents which occurred continuously from the year 2010 through 2011, SANTIA N. WILLIAMS made numerous complaints to the SUFFOLK COUNTY POLICE DEPARTMENT, regarding her fear of Jesse Jenkins and the fear for her and her children's health, life and safety.  Jesse Jenkins was allowed, by Defendants,  to carry-on with his harassment of Plaintiff SANTIA N. WILLIAMS- even while Plaintiff SANTIA N. WILLIAMS was pleading with Defendants to have criminal charges lodged for the violations and contemptuous behavior.

130.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware of other numerous instances in 2011 wherein Plaintiff SANTIA N. WILLIAMS AND her family members contacted the police and advised them the Jesse Jenkins was committing crimes and was

violating the order of protection.

131.    Upon information and belief, in many of those instances, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failed to properly report these incidences (in contravention of established rules and procedures of the Suffolk County Police Dept. and the laws of the State of New York) and/or blatantly ignored the fact that they occurred.

132.    Upon information and belief, in many of those instances, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failed to act in response to these complaints by Plaintiff SANTIA N. WILLIAMS and/or failed to act in light of their first-hand knowledge of the violations committed by Jesse Jenkins (in contravention of established rules and procedures of the Suffolk County Police Dept. and the laws of the State of New York).

133.    Upon information and belief, in many of those instances, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20  ignored their affirmative duties to act in the face of known violations of Jesse Jenkins pursuant to the orders of protection issued, the New York State Penal Law, The New York State Criminal Procedure Law, and the Family Court Act.

134.    At all times relevant to the Complaint, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were on notice that Jesse Jenkins was repeatedly and continuously violating the law and was stalking and harassing Plaintiff SANTIA N. WILLIAMS.

135.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that the Jesse Jenkins had a criminal history.

136.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that Jesse Jenkins was affiliated with previous criminal activity in the Suffolk area.

137.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20  were aware that Jesse Jenkins was involved with criminal activity.

138.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that the Jesse Jenkins had a propensity to commit violence and/or violent acts.

139.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that Jesse Jenkins had subjected Plaintiff SANTIA N. WILLIAMS and her children to violence and threatening behavior in the past and at all times relevant to the Complaint.

140.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES

32

11- 20 were aware that the Jesse Jenkins threatened to inflict physical violence upon Plaintiff Santia N. WILLIAMS on numerous occasions.

141.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware that the Jesse Jenkins was an individual that tended to disobey the law and engage in acts of contempt against the courts - including disobeying the instant court order.

142.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 , the Police Defendants were lenient with Jesse Jenkins and allowed him to repeatedly violate the order of protection held by Plaintiff SANTIA N. WILLIAMS.

143.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 , among other things, the Police Defendants were lenient with Defendant VALDEZ-CRUZ and refused to arrest Jesse Jenkins even when he violated the law and they were informed immediately following Jesse Jenkins' violative actions.

144.    Upon information and belief, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware of detailed background information about Jesse Jenkins and were aware of his past and ongoing problems and unlawful activities.

145.    Upon information and belief, with the knowledge that Jesse Jenkins was an potential abuser of dangerous illegal drugs and would often be under the influence of same when he violated

the order of protection, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 took no action against Jesse Jenkins.

146.   Upon information and belief, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 either arrested and/or stopped Jesse Jenkins for unrelated crimes at the same time that Plaintiff SANTIA N. WILLIAMS and/or her family were making reports that Jesse Jenkins was violating the order of protection, but failed to take appropriate action as to the violations of the Order of Protection.

147.   At all times relevant to the Complaint, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware of Jesse Jenkins' whereabouts and could have located and arrested Jesse Jenkins with reasonable diligence, at any time prior to his torture and killing of SANTIA N. WILLIAMS.

148.   However, even though the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were aware of Jesse Jenkins' whereabouts and could have located and arrested Jesse Jenkins with reasonable diligence, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally refused to do so.

34

149.    On July 12, 2011 deceased Plaintiff SANTIA N. WILLIAMS, wrongfully died and/or was murdered as a result of The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 continued failures to provide her with the necessary police protection and timely proper medical treatment.

150.    On July 12, 2011 deceased Plaintiff SANTIA N. WILLIAMS, wrongfully died and/or was murdered as a result of The face COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) affirmative actions, which effectively allowed Jesse Jenkins to enter the premises in which Plaintiff SANTIA N. WILLIAMS, her children, her sister and her nephew were sleeping again and inflict harm upon Plaintiff SANTIA N. WILLIAMS, including torturing her and killing her.

151.    On July 12, 2011, after midnight, Jesse Jenkins, aware of a court order forbidding him from contacting Plaintiff SANTIA N. WILLIAMS, forced entry into the premises at which Plaintiff SANTIA N. WILLIAMS and her children were residing in response, and while they slept threatened to kill her sister and the children, then tortured SANTIA N. WILLIAMS and then killed her and then killed himself.

152.    In the preceding days before this incident on July 12, 2011, Jesse Jenkins would kick in he door of the home of Plaintiff SANTIA N. WILLIAMS and/or violated the order of protection in some way on prior occasions on that same week and prior weeks. In fact, Plaintiffs' called the police to report Jesse Jenkins violations multiple times prior to July 12, 2011.

153.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were well-aware of the aforementioned violations of the court order by Jesse Jenkins prior to the date that Plaintiff

SANTIA N. WILLIAMS was murdered, but did nothing and/or intentionally refused to act, despite their duty.

154. Upon information and belief, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 responded to the residence of Plaintiff SANTIA N. WILLIAMS on one of the other occasions and was actually present at the scene of Jesse Jenkins' violations shortly after he committed them and took no action despite the ability to take prompt action following the newly committed criminal violations.

155. On each of these occasions, much like the other events, the Police Officer Defendants were fully aware of the serious nature of the actions and violations of law by Jesse Jenkins and refused to arrest Jesse Jenkins and also intentionally refused to properly record and/or report the incidents.

156. Again, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 actions (or intentional lack thereof) were contrary to protocol, rules and regulations of the Suffolk County Police Department, the Penal Law of the State Of New York, The Criminal Procedure Laws Of The State Of New York, The Family Court Act of the State Of New York and good and acceptable police practices.

157. Despite the known danger faced by Plaintiff SANTIA N. WILLIAMS, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants callously, recklessly and with gross disregard for the welfare of Plaintiff SANTIA N. WILLIAMS, treated the notifications, calls,

complaints and court order obtained as a non emergency matters.

158. Despite the known danger faced by Plaintiff SANTIA N. WILLIAMS, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants did not proceed in a reasonable manner to address the complaints and notifications made by Plaintiff SANTIA N. WILLIAMS and her family at a time when they knew, or should have known that crimes were being committed or had been committed by Jesse Jenkins against Plaintiff SANTIA N. WILLIAMS and her children (including violation of the order of protection) at or about the time of their notification.

159. Again, while the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 negligently, callously and recklessly took no action to address the actions of Jesse Jenkins, they also failed to take seriously the fact that Jesse Jenkins, as reported to them by Plaintiff SANTIA N. WILLIAMS and her family members specifically and repeatedly advised the Defendants that Jesse Jenkins had repeatedly threatened the safety and well-being of SANTIA N. WILLIAMS and her children including but not limited to threatening to kill her, burn her home down, steal/kidnap the children, actually and threatening to physically beat her, bind her and torture her, as well as other threats.

160. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants intentionally refused to rescue SANTIA N. WILLIAMS from Jesse Jenkins and/or secure the capture of Jesse Jenkins.

161.    By intentionally refusing to act in the face of known danger to Plaintiff SANTIA N. WILLIAMS, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants facilitated and allowed Jesse Jenkins to continue to harm, harass, menace, attack, brutalize, beat, torture, mutilate and eventually murder Plaintiff SANTIA N. WILLIAMS despite they had ample opportunity to prevent the needless murder of SANTIA N. WILLIAMS.

162.    By intentionally refusing to act in the face of known danger to Plaintiff SANTIA N. WILLIAMS, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants created and/or exacerbated the dangerous situation that allowed Jesse Jenkins to continue to harm, harass, mutilate, menace, attack, brutalize, beat, torture and eventually murder Plaintiff SANTIA N. WILLIAMS despite they had ample opportunity to prevent the needless murder of SANTIA N. WILLIAMS.

163.    Furthermore, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants disregarded SANTIA N. WILLIAMS' AND the family's pleas and continued to ignore their reasonable requests for help and callously made unnecessary and hurtful comments about the reported incidents that were occurring.

164.    PHYLLIS COLEMAN and other members of Plaintiff's family continually begged the Police Officers to heed the complaints and pleas of SANTIA N. WILLIAMS as the related to Jesse Jenkins. However, The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or

38

Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants showed a clear lack of concern and disregard for the reasonable requests made of them.

165.    Plaintiff SANTIA N. WILLIAMS was murdered inside her sister's home, where she had sought safety, due to the intentional failure and refusal of the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 to act in a proper, acceptable and reasonable manner in light of the circumstances.

166.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally, negligently and callously ignored their own duties to assist Plaintiff SANTIA N. WILLIAMS pursuant to established rules and regulations of the County Of Suffolk Police Department.

167.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally, negligently and callously ignored their own duties to assist Plaintiff SANTIA N. WILLIAMS pursuant to established laws of the State Of New York.

168.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants intentionally, negligently and callously ignored their own duties to assist Plaintiff SANTIA N. WILLIAMS pursuant to the New York State Criminal Procedure Law and Penal Codes.

169.    The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN

AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally ignored their own duties to assist Plaintiff SANTIA N. WILLIAMS pursuant to the Family Court Act Of The State Of New York.

170.    Plaintiff SANTIA N. WILLIAMS was caused irreparable harm (including death) due to The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20  grossly negligent, negligent, intentional, and unreasonable disregard for the safety of Plaintiff SANTIA N. WILLIAMS.

171.    Plaintiff SANTIA N. WILLIAMS was caused irreparable harm (including death) due to The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20  affirmative actions (as described above) which allowed and facilitated the criminal actions of Jesse Jenkins.

172.    Plaintiff SANTIA N. WILLIAMS was caused irreparable harm (including death) due to The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentional affirmative actions, which caused Plaintiff SANTIA N. WILLIAMS to rely upon their explicit and implicit promises to assist her and protect her from Jesse Jenkins.

173.    SANTIA N. WILLIAMS was denied adequate, proper and timely police protection, subjected to cruel and inhuman conditions, was forced to endure pain and suffering, was forced to suffer summary punishment, and made to suffer other injuries including death at the hands of the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, their agents, employees, servants and

assigns.

174. As a result of the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, failure(s) to act and breaches of affirmative duties, SANTIA N. WILLIAMS suffered a shotgun wound to her torso and suffered injuries to her liver, stomach, spleen, left kidney, left iliopsoas muscle, left lateral processes of her lumbar vertebrae among other injuries and did bleed to death and expired on July 12, 2011.

175. Jesse Jenkins, after murdering SANTIA N. WILLIAMS and threatening the lives of her other family members, turn the gun on himself and committed suicide on July 12, 2011.

### AS AND FOR A FIRST COUNT

*(As And Against The Individual County Defendants Collectively)*

### 42 U.S.C. § 1983

176. The plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 175 of this complaint with the same force and effect as though fully set forth herein.

177. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 are each individually and collectively liable for the above-described violations of Plaintiffs' federally secured and state-law mandated rights, immunities, and privileges.

178. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 , while acting under color of law, each individually and/or collectively failed AND intentionally

refused to adhere to their duties, as law enforcement agents, to obey and enforce court-mandated order of protection that was issued for the benefit of victims Plaintiff SANTIA N. WILLIAMS, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, PHYLLIS COLEMAN.

179. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 , while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the laws of the State of New York as they related to the protection of victims Plaintiff SANTIA N. WILLIAMS, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, PHYLLIS COLEMAN.

180. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 , while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the mandates of the Family Court Act as they related to the protection of victims Plaintiff SANTIA N. WILLIAMS, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, PHYLLIS COLEMAN.

181. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the mandates of the Criminal

Procedure and Penal Laws of the State Of New York as they related to the protection of victims Plaintiff SANTIA N. WILLIAMS, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, PHYLLIS COLEMAN.

182.     Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as police officers, employees, representatives, and agents of the COUNTY OF SUFFOLK, to obey the mandates of their own rules, regulations, procedures, and requirements as enumerated in the rules of the SUFFOLK COUNTY POLICE DEPARTMENT and SUFFOLK OF NASSAU.

183.     Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 , while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the orders, rulings, holdings, judgments, opinions, and procedures of family court and family court judges as they related to the protection of victims Plaintiff SANTIA N. WILLIAMS, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, PHYLLIS COLEMAN.

184.     Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 , while acting under color of law, each individually and/or collectively actively conspired to disobey standing court orders, court rulings, judgments, orders of protection, and procedures - to the detriment of Plaintiffs.

43

185. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, are each individually and collectively liable for actively conspiring to deprive Plaintiffs of their rights, immunities and protections under the law.

186. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, are each individually and collectively liable for actively conspiring to deprive Plaintiffs of their rights to procedural due process - on numerous occasions.

187. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, are each individually and collectively liable for actively conspiring to deprive Plaintiffs of their rights to substantive due process - on numerous occasions - including but not limited to Plaintiffs collective rights to bodily integrity, life, parental care, familial relationships/decisions, access to the courts, right to property and quiet enjoyment of property, court-ordered mandates, and uninhibited benefits of the law.

188. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, are each individually and collectively liable for actively conspiring to systematically, and pursuant to pattern and practice, disobey the law as it pertained to the protection of Plaintiffs herein, and others, from harm.

189.    Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or
Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20,
are each individually and collectively liable for actively conspiring to cause direct harm to Plaintiffs
in allowing Jesse Jenkins to blatantly disobey the law in the presence of law enforcement - to the
direct and immediate detriment of Plaintiffs.

190.    Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or
Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20
, are each individually and collectively liable for allowing and actively assisting Jesse Jenkins in
blatantly violating the law, abusing Plaintiffs, harassing Plaintiffs, causing terror to Plaintiffs,
destroying Plaintiffs' property, burglarizing Plaintiffs' home on numerous occasions, trespassing
upon Plaintiffs' property on numerous occasions, causing bodily harm to Plaintiffs, causing the
murder of Plaintiff SANTIA N. WILLIAMS, in close proximity of and upon notification of law
enforcement - to the direct and immediate detriment of Collective Plaintiffs.

191.    Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or
Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20,
are each individually and collectively liable for directly and actively conspiring with Jesse Jenkins
to cause harm to Plaintiffs.

192.    Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or
Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20,
each individually and collectively owed affirmative duties to Plaintiff to protect Plaintiff from ALL
contact and harassment with Jesse Jenkins and/or to enforce a valid order of protection that existed

45

against Jesse Jenkins.

193. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, each individually and collectively owed affirmative duties to Plaintiff to protect Plaintiff from ALL contact and harassment with Defendant Jesse Jenkins - as per court order.

194. Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, each individually and collectively breached their duties to the direct detriment of Plaintiffs.

195. The wrongful acts against Plaintiffs by the defendant COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 were committed under color of law, customs, and statutes of the State of New York - along with Jesse Jenkins, who assisted and/or was assisted by, SUFFOLK Defendants under the color of law to deprive Plaintiffs of their various constitutional rights.

196. Under color of law, the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 SUFFOLK COUNTY Defendants, their agents, employees, police officers, officials, and servants created, harbored, advanced, supported, and facilitated dangerous, abusive, and deadly circumstances and situations for Plaintiffs - with whom COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20

Defendants had a special relationship.

197.    Such actions of the individual and collective COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 Defendants were grossly negligent, reckless, intentional, unreasonable, and unauthorized, as a matter of law.

198.    As a direct consequence of Collective Defendants' wrongful actions, negligent behavior, and violation of State and Federal laws, Plaintiffs subjected to great physical, mental, and emotional harm; were subject to prolonged cruel and unusual punishment; were made to suffer great pain and suffering; were subjected to great fear, terror,  personal humiliation and degradation; and suffered a senseless and preventable loss of the life of Plaintiff SANTIA N. WILLIAMS.

199.    Plaintiffs continue to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

200.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY MILLION DOLLARS ($20,000,000.00)as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A SECOND COUNT

### 42 U.S.C. § 1983

### **Municipal Liability**

*(As And Against County Defendants)*

201.    The plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 200 of this Complaint with the same force and effect as though fully set forth herein.

202.    In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, the Defendants acted unreasonably, recklessly, and grossly negligent in failing to exercise

the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiffs. Said rights are guaranteed to the Plaintiffs by 42 U.S.C. §§ 1983; by the Fourteenth Amendment of the Constitution, and the Constitution of the State Of New York.

203.    In the case of Plaintiffs herein, the COUNTY OF SUFFOLK has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of unjustified, unreasonable and illegal abuses, and breaches of well-established duties, toward and against Plaintiffs.

204.    In the case of Plaintiffs herein, the COUNTY OF SUFFOLK has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of disobeying the rulings of the courts, disobeying orders of protection, disobeying the rules and procedures of the County Of Suffolk, disobeying the rules and procedures of the County Of Suffolk Police Department, disobeying the Family Court Act, disobeying the Penal Law and the Criminal Procedure Law of New York State.

205.    In the case of Plaintiffs herein, the COUNTY OF SUFFOLK has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known violator and criminal, Jesse Jenkins, in violating the rulings of the courts, violating orders of protection, violating the rules and procedures of the County Of Suffolk, violating the rules and procedures of the County Of Suffolk Police Department, violating the Family Court Act, violating the Penal Law and the Criminal Procedure Law of New York State.

206.    In the case of Plaintiffs herein, the COUNTY OF SUFFOLK has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known violator and criminal, Jesse Jenkins, in causing ongoing terror and abusive environment upon Plaintiffs.

207.    In the case of Plaintiffs herein, the COUNTY OF SUFFOLK has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known violator and criminal, Jesse Jenkins, in causing ongoing terror and abuse toward Plaintiffs.

208.    In the case of Plaintiffs herein, the COUNTY OF SUFFOLK through their own actions tolerated, created, and encouraged an ongoing, systematic, cultural pattern and/or practice of causing and affirmatively allowing ongoing terror and abuse toward Plaintiffs - with their complete knowledge of same.

209.    The COUNTY OF SUFFOLK has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known criminal, Jesse Jenkins, in causing ongoing terror, abuse, emotional harm, physical harm, and damage to the property, rights, and individual property rights of each Plaintiff.

210.    Upon information and belief, the COUNTY OF SUFFOLK, through it agents employed within the SUFFOLK COUNTY POLICE DEPARTMENT, and SUFFOLK COUNTY SHERIFF'S OFFICE allows an unreasonable, systematic and continuous practice of violating, disobeying, and/or SELECTIVELY ENFORCING court orders of protection, court orders, and the laws of the State Of New York to the detriment of it citizens (such as Plaintiffs herein) - as alleged in the above paragraphs of this Complaint.

211.    The COUNTY OF SUFFOLK has permitted, tolerated and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of catering to the desires of known criminals and/or others of ill-will, such as Jesse Jenkins herein, to cause terror and abuse toward victims (such as Plaintiff herein).

212.    The COUNTY OF SUFFOLK has permitted, tolerated and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of allowing individuals to commit acts of violence, and abuse against innocent persons, with whom the COUNTY Defendants owe a special duty/relationship, in the COUNTY OF SUFFOLK Defendants' close proximity and with the prompt notification of Defendants - to the detriment of such innocent persons (such as Plaintiff herein).

213.    The COUNTY OF SUFFOLK has permitted, tolerated and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of selectively refusing to follow its own established rules, regulations, and procedures - to the detriment of innocent persons (such as Plaintiffs).

214.    Upon information and belief, the policy-makers and their subordinates in the chain-of-command within the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 have knowledge and notice of the above-describe systematic violations, and have the power, authority, and direct ability to prevent said violations.

215.    Upon information and belief, the policy-makers and their subordinates in the chain-of-command within the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20(including Defendants herein), with knowledge of these violations and selective enforcements, intentionally allows same to continue.

216.    Although such police conduct is improper, said incidents are systematically covered-up by the COUNTY, its agents, employees and servants by official claims that the officers' actions (and/or lack thereof) are justified and proper, or by leveling false and unreasonable allegations against innocent persons (such as Plaintiff SANTIA N. WILLIAMS herein), so as to insulate the offending County agents, officers and other officials.

217.    Said actions have been fully backed by the COUNTY OF SUFFOLK, which has repeatedly and  unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by its officers against its citizens, particularly in minority communities, including Plaintiffs herein.

50

218. Defendant COUNTY OF SUFFOLK has repeatedly and continuously engaged in, and/or allowed is police officers such as Defendants, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 to knowingly and willingly disobey court orders/mandates, file false reports, fail to report, file false criminal complaints, false allegations of criminal and noncriminal wrongdoing, and false charges against innocent individuals - with immunity.

219. As a direct result of the COUNTY OF SUFFOLK's above-stated systematic policies and practices, the COUNTY OF SUFFOLK has been subjected to many federal and state Complaints and lawsuits alleging that Police officers routinely files false reports, fails to report, fails to adhere to their official duties, selectively enforces the rule off law, selectively enforces its own policies, selectively proscribes to the laws of the State of New York - to the detriment of innocent persons in violation of 42 U.S.C.§1983.

220. Additionally, the COUNTY OF SUFFOLK has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

221. The COUNTY's continual refusal to train, supervise, instruct, discipline, and assure that the repeated abuses of it police officers (including writing true and accurate reports, perjury, falsely charging individuals, establishing probable cause, proper arrest procedures, and excessive force) was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by the public at large (including Plaintiffs herein).

222. Upon information and belief, specific systemic flaws in the COUNTY OF SUFFOLK'S misconduct review process include but are not limited to the following:

> a. Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

51

b.  Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.  Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d.  Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

e.  hastily accepting the polices' above- as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

223.    Said cover-ups by the defendant, COUNTY OF SUFFOLK, was executed in this case, where the Defendant COUNTY, its agents, employees and servants failed to sufficiently investigate the truthfulness and/or accuracy of the Defendant Officer's, statements and instead acted under color of statute to knowingly, recklessly and/or with gross negligence violate the rights of Plaintiffs.

224.    By permitting and assisting such a pattern of police misconduct, the Defendant, COUNTY OF SUFFOLK acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiffs' Constitutional rights; to wit the defendants SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20  were each encouraged by the COUNTY OF SUFFOLK POLICE DEPARTMENT, to believe that their actions against and toward the Plaintiffs would be accepted with immunity.

225.    As a direct and obvious consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer[ed] from emotional anguish, special damages, legal

fees/costs/expenses, prolonged cruel and unusual punishment; medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, loss of parental care, loss of consortium, related emotional distress and other permanent injuries.

226.   That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY MILLION DOLLARS ($20,000,000.00)as well as punitive damages, costs, and attorney's fees.

### AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 Conspiracy
*(As And Against County Defendants Individually and Collectively in*

*conjunction with Jesse Jenkins)*

227.   The plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs 1 through 226 of this complaint with the same force and effect as though fully set forth herein.

228.   Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, each acting under color of law, and Jesse Jenkins (also acting pursuant to expressed and implied permission of law enforcement) expressly and implicitly conspired to deprive Plaintiffs of their right to protection under the law, parental rights, right to access to the court, right to bodily integrity, right to be free from official and/or privately-sponsored violence, right to be free of harassment and abuse, and right to benefit of standing orders of protection  rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, falsely detain, unlawfully accuse, wrongfully arrest and falsely imprison the Plaintiff.

229.   Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or

Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, each acting under color of law, and Jesse Jenkins (also acting pursuant to expressed and implied permission of law enforcement) expressly and implicitly conspired to further deprive the Plaintiffs of their rights to due process specifically by conspiring and agreeing to ignore court orders/mandates - to protect Plaintiff SANTIA N. WILLIAMS and prevent the further violation of unlawful contact, unlawful abuse, unlawful entry, unlawful detainment, unlawful assault and unlawful murder.

230.     Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, each acting under color of law, and Individual Defendant LEONARDO VALDEZ-CRUZ (also acting pursuant to expressed and implied permission of law enforcement) further agreed to deny Plaintiffs' Constitutional rights via a conspiracy to cover the misconduct of said officers, officials and Jesse Jenkins.

231.     As a direct and obvious consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer[ed] from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, prolonged cruel and unusual punishment; loss of parental care, loss of consortium, related emotional distress and other permanent injuries.

232.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00)as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A FOURTH COUNT
## NEGLIGENCE / GROSS NEGLIGENCE
*(As And Against County Defendants)*

233.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 232 of this Complaint with the same force and effect as though fully set forth herein.

234.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had affirmative duties to prevent, arrest, and/or prosecute Jesse Jenkins for his criminal acts and violation of the order of protection pursuant to the rules, regulations, laws, and procedures of the COUNTY OF SUFFOLK and COUNTY OF SUFFOLK POLICE DEPARTMENT.

235.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had affirmative duties to prevent, arrest, and/or prosecute Jesse Jenkins for violation the order of protection Pursuant to the Family Court Act.

236.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had affirmative duties to prevent, arrest, and/or prosecute Jesse Jenkins for violations the order of protection Pursuant to the Criminal Procedure Law of the State of New York.

237.     The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had affirmative duties to prevent, arrest, and/or prosecute Jesse Jenkins when they each personally observed, learned,

and/or were notified by Plaintiffs of Jesse Jenkins' violations of the order of protection.

238. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had affirmative duties to prevent, arrest, and/or prosecute Jesse Jenkins pursuant to a special relationship had with Plaintiffs to enforce order of protections that were issued for Plaintiffs' benefits.

239. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had affirmative duties to prevent and address crimes that were taking place against citizens of which they were aware of and were made aware of , and /or were committed in close proximity of them.

240. The COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 had affirmative duties to refrain from assisting private individuals (such Jesse Jenkins) from inflicting violence and unlawful harm upon other innocent private citizens (such as Plaintiffs herein) and to refrain from facilitating such acts of violence against citizens.

241. Collective Defendants breached their respective and collective duties of care to Plaintiffs as outlined in the paragraphs above.

242. Collective Defendants each acted unreasonably. Further, in the events wherein the Defendants failed to act, such failures were unreasonable.

243. Collective Defendants actions and failures to act were unreasonable, extreme, outrageous, and exhibited a voluntary and callous disregard for the rights, safety and well-being of Plaintiffs.

244.    It was foreseeable, and almost predictable that Plaintiffs would suffer emotional harm, emotional injuries, physical harm and abuse, violations to property, violations of property rights, infringements upon rights and privileges to the protection of the law, death or serious physical injuries, loss of liberty, loss of parental care and consortium, and other serious injuries as a result of their ongoing wrongful actions.

245.    Nevertheless, Defendants disregarded these foreseeable harms to Plaintiff with a high degree of recklessness, gross negligence, intention, and callousness - to the detriment of Plaintiffs who were directly caused to suffer from said injuries as a result.

246.    As a direct and obvious consequence of the defendants' negligence and reckless disregard, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, prolonged cruel and unusual punishment; loss of parental care, loss of consortium, related emotional distress and other permanent injuries.

247.    By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00)as well as punitive damages, costs, and attorney's fees.


### AS AND FOR THE FIFTH CAUSE OF ACTION
### VICARIOUS LIABILITY and/or RESPONDEAT SUPERIOR
*(As And Against County Defendants)*

248.    The Plaintiffs repeat, reiterate and realleges each and every allegation contained in paragraphs 1 through 247 of this Complaint with the same force and effect as though fully set forth herein.

249.    Plaintiff incorporates by reference, the duties outlined in the FOURTH CAUSE OF ACTION ABOVE and repeats that the COUNTY OF SUFFOLK DEFENDANTS owed such duties to Plaintiffs.

250.   Plaintiff incorporates by reference, the COUNTY Defendants' breaches of their duties as outlined in the FOURTH CAUSE OF ACTION ABOVE and repeats that the COUNTY OF SUFFOLK DEFENDANTS did in fact breach their duties with respect to Plaintiffs.

251.   By actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, the Collective COUNTY OF SUFFOLK Defendants, all acted unreasonably, recklessly, and with gross negligence in failing to exercise the slightest amount of due care.

252.   In failing to reprimand, properly hire, train, supervise, and/or reprimand its agents, acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to protect others (such as Plaintiff) from foreseeable harm the COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 effectively ratified the negligent, intentional and reckless acts of its police officers and agents.

253.   The breach of duty by COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 was a direct and proximate cause of the harm suffered by Plaintiffs.

254.   As a direct and obvious consequence of the defendants' negligence and reckless disregard, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, loss of parental care, prolonged cruel and unusual punishment, loss of consortium, related emotional distress and other permanent injuries.

255.   For the above reasons, Defendant, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers

And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20, is therefore vicariously liable for all of the intentional, negligent, and reckless acts of its agents and employees.

256.    By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00)as well as punitive damages, costs, and attorney's fees.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## ABUSE OF PROCESS
*(As And Against County Defendants)*

257.    The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 256 of this Complaint with the same force and effect as though fully set forth herein.

258.    The Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally, recklessly and maliciously filed and/or cause to be filed, criminal actions against Jesse Jenkins - as a matter of course - not with the intention to enforce or see  the criminal process to completion.

259.    The Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally, recklessly and maliciously filed and/or cause to be filed, criminal actions against Jesse Jenkins and did not intend to obey and/or respect the outcome of said processes (including not intending to enforce any Orders that resulted therefrom).

260.    Said criminal complaints against Jenkins were made by the aforementioned COUNTY Defendants with knowledge that any outcome of said complaints would not be enforced

and/or would be selectively disobeyed - to the detriment of Plaintiffs and to the benefit of Jesse Jenkins.

261.   The Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 could have acted if they engaged in minimal investigation and/or a simple rudimentary research, which was available to Defendants at all time relevant to this Complaint. However COUNTY Defendant never had the intention to act (or intended to act selectively) in response to the criminal processes initiated by them.

262.   The Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally, recklessly and maliciously filed and/or cause to be filed, criminal actions against Jesse Jenkins and possessed an ulterior purpose/motive to protect the abuser, perpetrator, assailant, and law-breaker, Jesse Jenkins- with whom they had notice of as to his ongoing and continued wrongful actions.

263.   At no time did any of the Defendants initiate or continue the prosecution of Jesse Jenkins with good-faith intent.

264.   The Collective COUNTY Defendants did not support the criminal process against Jesse Jenkins. Instead, they intentionally hindered and prevented the criminal/family court processes against Jesse Jenkins, while acting contrary and against the rights of Plaintiffs, including refusing to protect Plaintiffs pursuant to a court-issued order of protection.

265.   The issuance of said order of protection was also a process initiated and advanced by COUNTY Defendants, and/or were issued as a result of the criminal/family court processes initiated by COUNTY Defendants. Yet COUNTY Defendants never intended to adhere to or enforce

60

said orders of protection.

266.    The Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 intentionally, recklessly and maliciously  used the criminal justice system and criminal justice process to cause harm to Plaintiff without proper motive, excuse or justification of any kind.

267.    The Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 failure to properly engage and use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the process. At no time did Collective COUNTY Defendants initiate or continue the criminal prosecutions of Defendant Jesse Jenkins with the intent to achieve the actual purpose of the criminal justice system/penal law of the State Of New York. At all times, the motives of the Collective Defendants were outside the scope and purpose of the law enforcement processes they utilized or were required to utilize.

268.    The Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs JOHN AND JANE DOES 11- 20 clear intentions were to cause harm to Plaintiffs without proper motive, excuse, or justification of any kind.

269.    As a direct and obvious consequence of the defendants' negligence and reckless disregard, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache,

anxiety, loss of life, loss of liberty, loss of freedom, prolonged cruel and unusual punishment, loss of parental care, loss of consortium, related emotional distress and other monetary injuries - including special damages, legal fees/costs, and medical bills/fees/costs.

270.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00)as well as punitive damages, costs, and attorney's fees.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## WRONGFUL DEATH
### *(As And Against All Defendants Individually and Collectively)*

271.    The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 270 of this Complaint with the same force and effect as though fully set forth herein.

272.    Plaintiff incorporates by reference, the actions (or lack thereof) of Collective Defendants which constituted breach of duties, negligence, gross negligence, recklessness, intentional disregard, callous disregard for the life and well-being of Plaintiffs, and violations of Plaintiffs' various-secured rights.

273.    The Collective Defendants' actions, or lack of action, directly lead to, and/or was a substantial factor in causing, the death, murder, and extreme physical harm suffered by Plaintiff SANTIA N. WILLIAMS.

274.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY million ($20,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

## AS AND FOR THE EIGHT CAUSE OF ACTION
## LOSS OF CONSORTIUM GUIDANCE AND PARENTAL CARE
### *(As And Against All Defendants Individually and Collectively)*

275.    The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 274 of this Complaint with the same force and effect as though fully set forth

herein.

276.    Plaintiff SANTIA N. WILLIAMS is the mother of two minor children, Minor Plaintiffs Aniyah Phylicia Williams Johnson, born on June 1, 2006 and Arianna Virginia Williams, born on April 28, 2011.

277.    At all times relevant to the Complaint, Plaintiff SANTIA N. WILLIAMS maintained custody and care of her two minor children/Plaintiffs Aniyah Phylicia Williams Johnson and Arianna Virginia Williams and provided resources to said children as their mother and legal guardian.

278.    At all times relevant to the Complaint, Plaintiff SANTIA N. WILLIAMS maintained custody and care of her two minor children/Plaintiffs Aniyah Phylicia Williams Johnson and Arianna Virginia Williams and provided emotional, physical, and all other parental support for these children.

279.    At all times relevant to the Complaint, Plaintiff SANTIA N. WILLIAMS maintained custody and care of her two minor children/Plaintiffs Aniyah Phylicia Williams Johnson and Arianna Virginia Williams who resided with Plaintiff and each entirely relied upon, and benefitted from her care.

280.    As a result of the actions of the Collective Defendants, Plaintiff SANTIA N. WILLIAMS was prevented and/or hindered from caring for and providing support to her children at all times relevant to the Complaint.

281.    As a result of the actions of the Collective Defendants, Plaintiff SANTIA N. WILLIAMS is prevented from caring for and/or providing support to her children, and her children as thus prevented from receiving and benefitting from the care and support for the rest of their lives going forward.

282.    At all times, minor Plaintiffs depended on Plaintiff SANTIA N. WILLIAMS to take care of their needs, provide their necessities, discipline Plaintiffs, provide emotional and motherly support, and supply good and services that are necessities.

283.    Due to the callous, wanton, reckless, negligent, grossly-negligent, careless, and wrongful actions of the Collective Defendants herein, Minor Plaintiffs have been effectively denied, deprived, and prevented from receiving the above-described care from Plaintiff SANTIA N. WILLIAMS.

284.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY million ($20,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

### PUNITIVE DAMAGES ARE WARRANTED AND APPROPRIATE
### (Against All Defendants Individually, Except the Municipal
### Defendant County Of Suffolk)

285.    That Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 284 of this Complaint with the same force and effect as though fully set forth herein.

286.    The acts of the individual Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiffs, without regard for Plaintiffs' well beings, and were based on a lack of concern and ill-will towards Plaintiffs.  Such acts therefore deserve an award of THIRTY Million Dollars ($30,000,000.00) as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against defendants:

a. On the First Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

b.  On the Second Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

c. On the Third Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

d.  On the Fourth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

e. On the Fifth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

f. On the Sixth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

g.   On the Seventh Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

h.   On the Eight Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

i.   Punitive damages in the amount of Thirty Million Dollars ($30,000,000.00)

j.   Declaratory Judgment that Defendants wilfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

k.   Injunctive relief, requiring Defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

l.   An order granting such other legal and equitable relief as the court deems just and proper; and

m.   Award costs and disbursements of this action including attorney's fees to the plaintiff pursuant to *42 USC* § 1988 and any and all applicable attorneys fees and costs as imposed by state-law.

***A JURY TRIAL IS HEREBY DEMANDED.***

Dated:        July 16, 2012
              Hempstead, New York

                                   Respectfully Submitted,

                                   FREDERICK K. BREWINGTON (FB5295)
                                   THE LAW OFFICES OF
                                   FREDERICK K. BREWINGTON
                                   *Attorneys for Plaintiff*
                                   556 Peninsula Boulevard
                                   Hempstead, New York 11550
                                   (516) 489-6959