UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHYLLIS COLEMAN, individually and as the Administratrix of the Estate of SANTIA N. WILLIAMS,

                      Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS DEPARTMENT, and Police Officers and/or detectives JOHN and JANE DOES 1-10, and Deputy Sheriffs JOHN AND JANES DOES 1-20,

                      Defendants.

**ANSWER TO AMENDED COMPLAINT**

CV12-3509 (DRH)(ARL)

**JURY TRIAL DEMANDED**

      Defendant, COUNTY OF SUFFOLK, by its attorney, Dennis M. Cohen, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's amended complaint, respectfully:

      1.    Avers that the allegations contained in the paragraphs numbered 1, 12, 13 and 14 of the amended complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 10, 11 and 16 of the amended complaint, except admits that the County conducted a §50h examination.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 4,20,24,25,26,28,33,34,35,36, 37,38,39,,40,41, 44,45,46,47,48,55,56,57,58,68,73,78,80,93,94,105,109,126,135,136,137,140,150,151,163,164, 175,276 and 282 of the amended complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 2, 3, 5, 6, 7, 8, 9, 15, 17, 18, 19, 21, 22, 23, 27, 29, 30, 31, 32, 42, 43, 49, 50, 51, 52, 53, 54, 59, 60, 61, 62, 63, 64, 65, 66, 67,69, 70, 71, 72, 74, 75, 76, 77, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 127, 128, 129, 130, 131, 132, 133, 134, 138, 139, 141, 142, 143, 144, 145, 146, 147, 148, 149, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 177, 178, 179, 180, 181, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 2225, 256, 228, 229, 230, 231, 232, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 249, 250, 251, 252, 253, 254, 255, 256, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 272, 273, 274, 277, 278, 279, 280, 382, 283, 284 and 286 of the amended complaint, and refers all questions of law to the Court.

5. Answering the paragraph numbered 176 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 1 through 175 respectively, with the same force and effect as if the same were set forth at length herein.

6. Answering the paragraph numbered 201 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 177 through 200 respectively, with the same force and effect as if the same were set forth at length herein.

7. Answering the paragraph numbered 227 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 202 through 226 respectively, with the same force and effect as if the same were set forth at length herein.

8. Answering the paragraph numbered 233 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 228 through 232 respectively, with the same force and effect as if the same were set forth at length herein.

9. Answering the paragraph numbered 248 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 234 through 247 respectively, with the same force and effect as if the same were set forth at length herein.

10. Answering the paragraph numbered 257 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 249 through 256 respectively, with the same force and effect as if the same were set forth at length herein.

11. Answering the paragraph numbered 271 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 258 through 270 respectively, with the same force and effect as if the same were set forth at length herein.

12. Answering the paragraph numbered 275 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 272 through 274 respectively, with the same force and effect as if the same were set forth at length herein.

13. Answering the paragraph numbered 285 of the amended complaint, repeats, reiterates and realleges each and every response to the recited paragraphs 276 through 284 respectively, with the same force and effect as if the same were set forth at length herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. That the amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. That the amended complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's decedent's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. That this Court lacks subject matter jurisdiction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

24. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

25. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

26. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

27. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

28. To the extent that the amended complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

29. That the Suffolk County Police Department and the Suffolk County Sheriff's Department are not entities susceptible to suit.

WHEREFORE, defendant demands judgment against the plaintiffs dismissing the amended complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 10, 2012

Yours, etc.

DENNIS M. COHEN
SUFFOLK COUNTY ATTORNEY
Attorney for Defendant
County of Suffolk
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York  11788

By: *[signature]*
Arlene S. Zwilling
Assistant County Attorney

To:

Law Offices of Frederick K. Brewington
Attorneys for Plaintiff
556 Peninsula Boulevard
Hempstead, New York 11550