THE LAW OFFICES OF

# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Ira Fogelgaren
Gregory Calliste, Jr.
Valerie M. Cartright
Johanna C. David

July 31, 2013

### *VIA ELECTRONIC CASE FILING*
Honorable Arlene Rosario Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4444

      Re:    Coleman v. County of Nassau, et.al.
             <u>Docket No.: CV-12-3509 (DRH)(ARL)</u>

Dear Judge Lindsay:

      As your records will reflect, we are the attorneys representing the Plaintiff in the above referenced matter. This pre-motion letter is submitted pursuant to Your Honor's Individual Practice Rules to better inform the Court as to the continued lack of response by the Defendants to Plaintiff's Discovery Demands dated November 26, 2012. To date, Defendants have responded in a piece-meal fashion, producing documents without Bates Numbering Identification, and have failed to comply with Plaintiff's discovery requests and Your Honor's order dated July 9, 2013.

      We've now reached an impasse where Defendants refuse to furnish an internal investigation report and wish to selectively provide us with past acts of police officer misconduct rather than all acts of misconduct. By letter dated June 26, 2013, we requested that Your Honor issue an order to compel or allow Plaintiff to proceed in filing a formal motion to compel discovery pursuant to the Fed. Rules Civ. Proc. Rule 37(a). (Exhibit "A"). On July 9, 2013, Your Honor ordered that "[o]n or before July 31, 2013, the County Defendants shall respond to all outstanding discovery and shall clearly identify in each submission, the specific Interrogatory or Document Request it responds to with bates number identification." (Exhibit "B"). Sadly, we must report that Your Honor's order has not been fully complied with.

      We respectfully continue to request that Your Honor schedule a pre-motion conference so that this office may proceed in filing a more formal motion seeking to compel discovery pursuant to the Fed. Rules Civ. Proc. Rule 37(a) or, alternatively, compel discovery and issue sanctions pursuant to the July 9, 2013 order. It is our position that Defendants should not be allowed to further delay the discovery process by withholding complaints made against police officers and selectively choose which ones Defendants are to provide. In addition, they now complicate the process by continuing to refuse to supply the internal affairs report which was in part prompted by our client's request. Their insistence on a confidentiality agreement when the time period for raising any such objections had long since past is a major concern to the Plaintiff. We respectfully remind the Court that our discovery requests were served

on November 26, 2012 and no objections, claims of privilege, or requests for confidentiality were raised within the 30 day time period allowed by the rules. As Defendants' fail to adequately respond to Your Honor's order and Plaintiff's Demands, it is our position that they have waived their rights to assert objections, confidentiality, and / or privilege to any of our requests. See Fed.R.Civ.P. 33(b)(2) and 34(b)(2).

## BRIEF STATEMENT OF FACTS

On July 16, 2012, Plaintiff commenced this action, by filing her Complaint which pleaded highly detailed, concrete factual allegations. On or about September 28, 2012, Your Honor adopted and issued a Scheduling Order as agreed upon by the parties. (Exhibit "C"). This order indicated that all discovery was to be completed by April 8, 2013. *Id.* On or about April 8, 2013, the Court granted Defendants' request for an extension of time to complete discovery. (Exhibit "D"). All discovery, inclusive of expert discovery was ordered to be completed by August 8, 2013. *Id.* Furthermore, the order set forth that"[g]iven the length of time provided [for discovery], no further extensions will be granted absent extraordinary circumstances." *Id.*

On or about November 26, 2012, Plaintiff served Plaintiff's First Set of Interrogatories and Requests for Documents upon the County Defendants. (Exhibit "E"). More than two months later, on February 1, 2013, after several phone calls, defense counsel, Brian Mitchell, provided some documentation along with a letter which indicated that "[a] formal response to your request for interrogatories and production of documents will be provided shortly." (Exhibit "F"). Further phone calls were exchanged during the months of February, March and April, 2013 between this office and the Suffolk County Attorney's Office asking for the promised "formal response" to Plaintiff's Discovery Demands. Plaintiff sent an e-mail on March 13, 2013 requesting "bates stamp[s] for easier identification ... [and] a formal response to our interrogatories and document requests." (Exhibit "G") On March 17, 2013, Mr. Mitchell responded by e-mail and indicated that he does "not object to providing much of the requested information or documents, however it will be necessary to extend the time to do so in order to produce the material in a thorough fashion;" however, the promised response was not forthcoming. *Id.*

On April 26, 2013, Defendants provided additional documentation and indicated that more documents, audio, and police paperwork would be forthcoming. (Exhibit "H"). In an attempt to confer pursuant to the local rules, further phone calls ensued between Plaintiff and the Defendants in the months of April, May and June, 2013 in an attempt to amicably resolve the Defendant's non-responsiveness to Plaintiff's Discovery Demands. Contrary to Defendant's assertion, Plaintiff was never provided with a formal response to Plaintiff's discovery requests. On June 17, 2013, Defendants were informed that Plaintiff had not received Defendant's discovery responses (Exhibit "I"). In an attempt to avoid motion practice, on June 21, 2013, Plaintiff again reached out to Defendants seeking to obtain discovery responses. It was around this time that defense counsel, Brian Mitchell, demanded a stipulation of confidentiality for the release of the internal affairs report and records. (Exhibit "J").

Plaintiff is still missing a large amount of the discovery requested including but not limited to the applicable police rules, regulations, policies and standards. What has been provided is without Bates Stamp Numbering. Defendants have since provided some medical reports, photographs, and, as of July 24th, a list of additional officers involved in 911 phone calls (Exhibit "K") which is still incomplete, submitted in a piece-meal fashion, and is in clear disregard of Your Honor's order (See Exhibit "B") without Bates-Numbering Identification.

All the documentation provided to our office still bears no indication as to which Interrogatory or Document Request it responds to, with the exception of Defendants' July 24, 2013 correspondence. (Exhibit "L"). Plaintiff has informed Defendants of their objection to any confidentiality agreement; however, Defendants demand that we sign a confidentiality order to obtain the documents which should have been supplied months ago (Exhibits "B, G, and J"). This has caused Plaintiff undue burden and added expense, while wasting enormous time in this case.

On July 9, 2013 Your Honor granted Plaintiff's motion to compel. (Exhibit "B"). Since that date, several phone calls were exchanged between our office and the Suffolk County Attorney's office. As per defense counsel's request, Plaintiff furnished a letter to Brian Mitchell, Esq. to expedite the release of documents from family court which, to date, have not been received. (Exhibit "M"). Further requests were made by phone, fax, and mail for Brian Mitchell to provide discovery and to comply with Your Honor's instruction to identify documents with Bates Stamp Numbering. (Exhibit "N"). Lastly, providing notice to defense counsel, Brian Mitchell, of our intention to seek redress with the Court, we asked that Defendants comply with discovery demands, Your Honor's July 9, 2013 order, and that we would not stipulate to confidentiality of otherwise discoverable material after such continued delay and prejudice in the discovery process. (Exhibit "O"). As of today, on which Your Honor ordered outstanding discovery be completed (See Exhibit "B"), outstanding discovery has not been provided albeit promised to be forthcoming (Exhibit "P"), what has been provided is without Bates Stamp Numbering, and Defendants refuse to furnish discoverable material without court intervention. *Id.*

## ARGUMENT

Plaintiff has made a good faith effort to resolve this discovery issue. The process of discovery has been obscured by the Defendants because of their failures to properly respond to Plaintiff's discovery requests. Numerous hours have been expended evaluating the inadequate responses. There is simply no excuse for Defendants to not fully comply with our reasonable and specific requests. As to the internal affairs report, Plaintiff will not stipulate to its confidentiality and Defendants have not moved for a protective order. As Your Honor has designated July 31, 2013, today, as the deadline for all discovery, it is pressing that Plaintiff's Discovery Demands be answered immediately as time is of the essence with a close of discovery now set for August 30, 2013.

## RELIEF REQUESTED

It is respectfully submitted that Plaintiff has demonstrated that the interests of justice require that the County Defendants' be compelled to respond to discovery demands forwarded on November 26, 2012. Alternatively, Plaintiff respectfully requests that Your Honor grant a pre-motion conference so that Plaintiff may promptly file a formal Motion to Compel pursuant to Fed. Rules Civ. Proc. Rule 37(a) and seek discovery sanctions.

Respectfully submitted,

FREDERICK K. BREWINGTON, ESQ.

cc:    Brian Mitchell, Esq. (By ECF)
FKB: cm
Attachments

# EXHIBIT A

# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Ira Fogelgaren
Gregory Calliste, Jr.
Valerie M. Cartright
Johanna C. David

June 26, 2013

## *VIA ELECTRONIC CASE FILING*
Honorable Arlene Rosario Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4444

Re:     Coleman v. County of Nassau, et.al.
        Docket No.: CV-12-3509 (DRH)(ARL)

Dear Judge Lindsay:

As your records will reflect, we are the attorneys representing the Plaintiff in the above referenced matter. This letter motion is submitted pursuant to Your Honor's Individual Practice Rules to better inform the Court as to the lack of response by the Defendants to Plaintiff's Discovery Demands dated November 26, 2012. We respectfully request that Your Honor issue an order compelling the Defendants to respond to Plaintiff's Discovery Demands or, alternatively, schedule a pre-motion conference so that this office may proceed in filing a more formal motion to compel discovery pursuant to the Fed. Rules Civ. Proc. Rule 37(a).

## STATEMENT OF FACTS

On July 16, 2012, Plaintiff commenced this action, by filing her Complaint which pleaded highly detailed, concrete factual allegations. On or about September 28, 2012, Your Honor adopted and issued a Scheduling Order as agreed upon by the parties. (Exhibit "A"). This order indicated that all discovery was to be completed by April 8, 2013. *Id.* On or about April 8, 2013, the Court granted Defendants' request for an extension of time to complete discovery. (Exhibit "B"). All discovery, inclusive of expert discovery was ordered to be completed by August 8, 2013. *Id.* Furthermore, the order set forth that "[g]iven the length of time provided [for discovery], no further extensions will be granted absent extraordinary circumstances." *Id.*

*Honorable Arlene Rosario Lindsay*
*June 26, 2013*

On or about November 26, 2012, Plaintiff served Plaintiff's First Set of Interrogatories and Requests for Documents upon the County Defendants. (Exhibit "C"). Prior to February 2013, phone calls were exchanged with defense counsel, Brian Mitchell, because the Defendants did not respond to Plaintiff's Discovery Demand and Requests. On February 1, 2013, defense counsel, Brian Mitchell, Esq. provided some documentation along with a letter which indicated that "[a] formal response to your request for interrogatories and production of documents will be provided shortly." (See Exhibit "D"). Further phone calls were exchanged during the months of February, March and April, 2013 between this office and the Suffolk County Attorney's Office asking for the promised "formal response" to Plaintiff's Discovery Demands. Plaintiff sent an e-mail on March 13, 2013 requesting "bates stamp[s] for easier identification ... [and] a formal response to our interrogatories and document requests." (Exhibit "E") On March 17, 2013, Mr. Mitchell responded by e-mail and indicated that he does "not object to providing much of the requested information or documents, however it will be necessary to extend the time to do so in order to produce the material in a thorough fashion;" however, the promised response was not forthcoming. *Id.* On April 26, 2013, Defendants provided additional documentation and indicated that more documents, audio, and police paperwork would be forthcoming. (See Exhibit "F").

The items and documentation provided to this office include several written reports and audio recordings, however they are clearly incomplete. The County Defendants have indicated the existence of additional written reports, but, to date, such reports have not been produced to Plaintiff. In other instances it appears that audio recordings were made and should exist, but such recordings have not been provided. Because Defendants did not formally respond to the Interrogatories or Document Requests, Plaintiff has been forced to approximate what documents provided are responsive, if at all, to Plaintiff's Discovery Requests.

Because Defendants failed to inform us what items were responsive to which requests, Plaintiff is unable to determine what Interrogatories or Document Requests are addressed by the documentation submitted to this office. Based on our best efforts, Plaintiff was unable to locate documentation produced to this office responsive to Interrogatory Numbers 2, 4, 5, 8-12, 15 - 19, and 21. The documentation produced to this office by Defendants regarding Interrogatory Nos. 1, 3, 6, 7, 14 and 20 is, albeit somewhat responsive, however it is incomplete and submitted in a roughshod fashion and without Bates-Numbering Identification. Additionally, Defendants fail to provide any documentation responsive to Document Request Numbers 2-7, 12-16, 18, and 20-25. To be clear, all the documentation provided to our office bears no indication as to which Interrogatory or Document Request it responds. This has caused Plaintiff undue burden and added expense, while wasting enormous time in this case.

Further phone calls ensued between Plaintiff and the Defendants in the months of April, May and June, 2013 in an attempt to amicably resolve the Defendant's non-responsiveness to Plaintiff's Discovery Demands. Contrary to Defendant's assertion (see Exhibit "D"), Plaintiff was never provided with a formal response to Plaintiff's discovery requests. On June 17, 2013, Defendants

-2-

*Honorable Arlene Rosario Lindsay*
*June 26, 2013*

were informed that Plaintiff had not received Defendant's discovery responses (See Exhibit "G"). In an attempt to avoid motion practice, on June 21, 2013, Plaintiff again reached out to Defendants seeking to obtain discovery responses. To-date, Plaintiff has not received a formal response to Plaintiff's Discovery Demands.

## ARGUMENT

Over the past few months, Plaintiff has attempted to resolve the discovery disputes without court intervention, but because of delays in the discovery process and court deadlines, Plaintiff must resort to writing the Court to seek intervention and are prepared to formally move.

Plaintiff has made a good faith effort to resolve this discovery issue. The process of discovery has been obscured by the Defendants because of their failures to properly respond to Plaintiff's discovery requests. Numerous hours have been expended evaluating the inadequate responses. There is simply no excuse or rationale for Defendants to not fully comply with our reasonable and specific requests. As Your Honor has designated August 8, 2013 as the deadline for all discovery, it is pressing that Plaintiff's Discovery Demands be answered immediately as time is of the essence.

## Relief Requested

It is respectfully submitted that Plaintiff has demonstrated that the interests of justice require that the County Defendants' be compelled to respond to discovery demands forwarded on November 26, 2012. Alternatively, Plaintiff respectfully requests that Your Honor grant a pre-motion conference so that Plaintiff may promptly file a Motion to Compel pursuant to Fed. Rules Civ. Proc. Rule 37(a).

Additionally, because the Defendants' informal responses do not adequately respond to Plaintiff's Demands, it is our position that they have waived their rights to assert objections and / or privilege to any of our requests. *See* Fed.R.Civ.P. 33(b)(2) and 34(b)(2).

Respectfully submitted,

FREDERICK K. BREWINGTON

cc:   Brian Mitchell, Esq. (By ECF)
FKB: cm
Attachments:

-3-

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PHYLLIS COLEMAN,

                              Plaintiff,              **ORDER**
                                                     CV 12-3509 (DRH)(ARL)

         -against-

COUNTY OF SUFFOLK, et al.,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

         Before the court is plaintiff's letter application dated June 26, 2013, seeking to compel
the County defendants to respond to Plaintiff's First Set of Interrogatories and Requests for
Documents.  Specifically, plaintiff seeks (i) documentation responsive to Interrogatory Numbers
2, 4, 5, 8-12, 15-19, and 21; (ii) supplemental documentation responsive to Interrogatory
Numbers 1, 3, 6, 7, 14 and 20 with bate numbering identification; and (iii) documentation
responsive to Document Request Numbers 2-7, 12-16, 18 and 20-25.  Plaintiff served the
requests on the County Defendants on November 26, 2012 and to date defendants have not
provided a formal response to the foregoing  discovery requests, despite repeated
communications with defense counsel.  The County Defendants have not submitted a response in
opposition to this application.

         Plaintiff's motion to compel is granted.  On or before July 31, 2013, the County
Defendants shall respond to all outstanding discovery and shall clearly identify in each
submission, the specific Interrogatory or Document Request it responds to with bates number
identification.  Plaintiff's request to deem the County Defendants' objections waived is denied at
this time.  However, the County Defendant's failure to comply with this order may result in the
imposition of sanctions.  The deadline for completion of all discovery is extended to August 30,
2013.  The deadline to commence dispositve motion practice is extended to September 13, 2013.
The final conference scheduled for September 5, 2013 is adjourned to September 26, 2013 at
11:30 a.m. The parties are directed to electronically file a proposed joint pretrial order prior to the
final conference.


Dated: Central Islip, New York              **SO ORDERED:**
         July 9, 2013


                                            _____/s_____
                                            ARLENE R. LINDSAY
                                            United States Magistrate Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PHYLLIS COLEMAN,

                              Plaintiff(s),

                                                      **SCHEDULING ORDER**
                    -against-                          CV 12-3509 (DRH)(ARL)

COUNTY OF SUFFOLK, et al,
                              Defendant(s).
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**
The following pretrial schedule is adopted:

**January 7, 2013:**    Deadline for commencement of motion practice for joinder of additional
                        parties or amendment of pleadings.

**April 8, 2013:**      All discovery, inclusive of expert discovery, to be concluded.

**April 22, 2013:**     Any party planning on making a dispositive motion must take the first step
                        in the motion process by this date or risk forfeiting the right to make such
                        a motion. Parties are directed to consult the district judge's individual
                        rules regarding such motion practice.

**May 6, 2013:**        Final conference before the undersigned at **2:00 p.m.** Meaningful
                        settlement discussions will occur at the conference. Clients or other
                        persons with full settlement authority must be available by telephone.
                        Parties are to electronically file a joint proposed pretrial order in
                        compliance with the district judge's individual rules, signed by counsel for
                        each party, prior to the conference.

        This scheduling order will be modified by the Court only upon a timely showing of good
cause. Any request for modification of this scheduling order must be in writing, and submitted in
accordance with the undersigned's Individual Rule 1 (D).

        All parties are advised that they are under a continuing obligation to keep the Court
apprised of any changes in their contact information including, but not limited to, their addresses.

Dated: Central Islip, New York
        September 28, 2012                      **SO ORDERED:**
                                                _____s/_____
                                                ARLENE ROSARIO LINDSAY
                                                United States Magistrate Judge

# EXHIBIT D

**Precilla Lockett**

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Monday, April 08, 2013 3:28 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 2:12-cv-03509-DRH-ARL Coleman v. County of Suffolk et al Order on Motion for Extension of Time to Complete Discovery |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 4/8/2013 at 3:27 PM EDT and filed on 4/8/2013
**Case Name:**      Coleman v. County of Suffolk et al
**Case Number:**      2:12-cv-03509-DRH-ARL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
ORDER granting [14]: The defendants' request for an extension of time to complete discovery is granted, on consent. All discovery, inclusive of expert discovery is to be completed by August 8, 2013. The deadline to commence dispositve motion practice is extended to August 22, 2013. The final conference scheduled for May 6, 2013 is adjourned to September 5, 2013 at 11:30 a.m. The parties are directed to electronically file a proposed joint pretrial order prior to the final conference. Given the length of time provided, no further extensions will be granted absent extraordinary circumstances. Ordered by Magistrate Judge Arlene R. Lindsay on 4/8/2013. c/ecf (Johnston, Linda)

**2:12-cv-03509-DRH-ARL Notice has been electronically mailed to:**

Frederick K. Brewington office@brewingtonlaw.com, brewingtonlawdocs@yahoo.com, precilla.lockett@brewingtonlaw.com

Brian C. Mitchell brian.mitchell@suffolkcountyny.gov, marilyn.rompel@suffolkcountyny.gov, susan.flynn@suffolkcountyny.gov

**2:12-cv-03509-DRH-ARL Notice will not be electronically mailed to:**

# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PHYLLIS COLEMAN, individually and as the
Administratix of the Estate of SANTIA WILLIAMS ,
                                        *Plaintiffs.*

                                                        **Docket No.: CV-12-3509**
                                                        **(DRH) (ARL)**

                                                        **PLAINTIFFS' FIRST SET OF**
                                                        **INTERROGATORIES AND**
                                                        **REQUESTS FOR DOCUMENTS**

                        -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY SHERIFFS
DEPARTMENT, and Police Officers And/Or Detectives
JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs
JOHN AND JANE DOES 11- 20,

                                        *Defendants.*
-------------------------------------------------------------X

Pursuant to Fed. R. Civ. Pro. 33, PLAINTIFF PHYLLIS COLEMAN,  individually and as the

Administratix of the Estate of SANTIA WILLIAMS, by and through her attorneys, the LAW

OFFICES OF FREDERICK K. BREWINGTON, hereby demands that COUNTY OF SUFFOLK,

SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY SHERIFFS

DEPARTMENT, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, and

Deputy Sheriffs JOHN AND JANE DOES 11- 20 (hereinafter referred to as "DEFENDANTS")

respond and supply the information and documents requested herein, pursuant to Rule 33 of the

Federal Rules of Civil Procedure, (FRCP). Defendants are hereby required to answer the

following interrogatories fully in writing, under oath, within thirty (30) days after service

thereof.

In answering the Interrogatories, DEFENDANTS are required not only to furnish information

available from their own knowledge, but also information which is in the possession of their

attorneys, investigators, agents or anyone else acting in their behalf.

The Interrogatories herein are continuing in nature.  If at any time after service of your answers

hereto and prior to the trial of this action, you obtain additional information responsive to any of

these Interrogatories, you shall promptly, and in no event later than five (5) days before trial, serve Supplemental answers setting forth such additional information.

## DEFINITIONS AND INSTRUCTIONS

Certain words used in these Interrogatories have the meaning ascribed to them below, namely:

1. "ANSWER" means the answer of DEFENDANTS to Plaintiff's complaint.

2. "COMMUNICATION" means any exchange of information, whether by oral or written means, or by the submission of any DOCUMENT as defined below.

3. "COMPLAINT" means the complaint served by plaintiff herein.

4. "DEFENDANTS", "you", and "your", means each of the DEFENDANTS, both individually and jointly, their attorneys, investigators, agents or anyone else acting in his behalf or their behalf.

5. "DOCUMENT" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, but shall not be limited thereto and shall also include the original writings of any nature whatsoever, and where originals are not available, identical copies of originals, and any non-identical copy (regardless of origin) and all drafts of agreements, contracts, amendments, addenda, checks, check stubs, demands, statements, protocols, correspondence, memoranda, reports, financial reports, notes, letters, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), studies, agenda, analyses, booklets, books, bulletins, circulars, comparisons, instructions, magazines, minutes, newspapers, notices, purchase orders, invoices, questionnaires, shipping orders, and other COMMUNICATIONS, including inter-office and intra-office COMMUNICATIONS, and studies, surveys, charts, graphs, photographs, phonograph tape (or other recordings or data compilations), telegrams, teletype, telex and any other writings, of any nature whatsoever, including all attachments thereto, including all data stored for use in or with, electronic data processing equipment,

-2-

microfilm and other media from which information can be obtained, in your possession, custody or control, or the possession, custody or control of a controlled subsidiary, regardless of where located, of which you have knowledge or of which you may locate or discover by reasonably diligent effort.

6. "IDENTIFY" means:

(a) When referring to a person, state the full name and on the first occasion that such person is identified, the last known business and home address, the last known business and home telephone numbers, and if a natural person, his present and last known position or business affiliation, as well as his employer and position and job description, or business affiliation, at the times to which the Interrogatory has reference;

(b) When referring to any document, writing or written communication, state, where not apparent from the face thereof, and regardless of whether any claim of privilege is asserted;

| | |
|---|---|
| (I) | the nature of the document (e.g., letter, contract, memorandum); |
| (ii) | its date; |
| (iii) | the name and address of its author and the name and address of each addressee; |
| (iv) | its present location and custodian; and |
| (v) | its substance, with sufficient particularity for a specified demand for production. |

In lieu of identifying with particularity each document required to be identified by any of the Interrogatories, you may exercise your option, pursuant to Rule 33© of the Federal Rules of Civil Procedure, to annex a copy of each document to the to that Interrogatory. This option shall in no way prejudice the rights of the undersigned to require the production of documents pursuant to Rule 34.

© When used with reference to an oral communication:

| | |
|---|---|
| (I) | state the date on which it occurred; |
| (ii) | state where made; |
| (iii) | identify each person who was present when it was |

made;

(iv)    state its substance; and

(v)     identify each document which refers thereto.

In lieu of identifying with particularity each document required to be identified by any of the Interrogatories, you may exercise your option, pursuant to Rule 33© of the Federal Rules of Civil Procedure, to annex a copy of each document to the  to that Interrogatory. This option shall in no way prejudice the rights of the undersigned to require the production of documents pursuant to Rule 34.

7. "PLAINTIFF" shall mean PLAINTIFF PHYLLIS COLEMAN, individually and as the Administratix of the Estate of SANTIA WILLIAMS

8. "RELATING TO" shall mean constituting, describing, discussing, mentioning, commenting about, referring to, reflecting, or in any way logically or factually connecting with the matter described in that paragraph of these document production requests.

9. The use of a singular form of a word defined herein shall refer to the plural as well, and words used in the masculine gender shall include the feminine.

10. The words "or" and "and" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.  Thus, "or" will be "and" and vice versa where suitable.

11. If any privilege is claimed with respect to any document or communication, identify the document or communication, the date, and the parties originating, addressed and copied with the communication, state the privilege claimed, and state the statute or rule and the underlying factual basis therefor.

12. At the time of trial, the plaintiff may move the Court for an order excluding from evidence all documents, communications and tangible or intangible things known to you at the time of your responses to these document production requests, and not disclosed in your responses thereto.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1.**

Identify the specific role that each and every individual police officer played, whether a Suffolk County Police Department Officer and/or detective, or deputy sheriffs of the Suffolk County Sheriff Department, who responded to any alleged incidents in Plaintiff's Complaint, involving SANTIA WILLIAMS and/or Jason Jenkins, between January 1, 2010 and July 12, 2011. In particular, please provide the following:

a) Identify the following with respect to each individual as it relates to their response to any and all incidents that occurred at 1 Spruce Street, Bay Shore, NY, County of SUFFOLK, State of New York; 156 Grand Blvd., Brentwood, NY, County of SUFFOLK, State of New York; 103 Third Ave., Bay Shore, NY, County of SUFFOLK, State of New York; between January 1, 2010 and July 12, 2011:

    I.    State to whom he or she reported;

    ii.    State and identify the specific manner in which such individual was involved (i.e., what his/her role was, and what duties or actions did he/she carry out as it relates to their response to any and all incidents between January 1, 2010 and July 12, 2011);

    iii.    State the date and time of such involvement; and,

    iv.    State whether the individuals are still employed or in any other way connected to the Defendants.

b) Identify the following with respect to each individual as it relates to their response to the scene of any and all calls placed by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and

July 12, 2011:

    i.      State to whom he or she reported;

    ii.      State and identify the specific manner in which such individual was involved (i.e., what his/her role was, and what duties or actions did he/she carry out as it relates to their response to the scene of any and all calls placed by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and July 12, 2011);

    iii.      State the date and time of such involvement; and,

    iv.      State whether the individuals are still employed or in any other way connected to the Defendants.

c) Identify the following with respect to each individual listed as it relates to their involvement in the prosecution(s) of Jason Jenkins in relation to alleged crimes committed against SANTIA WILLIAMS by Jason Jenkins - which occurred between January 1, 2010 and July 12, 2011:

    i.      State to whom he or she reported;

    ii.      State and identify the manner in which such individual was involved (i.e., what his/her role was, and what duties or actions did he/she carry out in the investigation, presentation, and administration of the case(s), pertaining to the prosecution(s) of Jason Jenkins in relation to alleged crimes committed against SANTIA WILLIAMS by Jason Jenkins - which occurred between January 1, 2010 and July 12, 2011);

    iii.      State the date and time of such involvement; and

    iv.      State whether the individuals are still employed or in any other way connected to the Defendants.

d) Please identify the names, identities, identification numbers, shield numbers, command/office/precinct and/or principal place of business of any and all members of the SUFFOLK County Attorney's Office involved in any actions or matters involving SANTIA WILLIAMS and Jason Jenkins wherein orders of protection were requested by

SANTIA WILLIAMS against Jason Jenkins and/or wherein any orders of protection were issued on behalf of SANTIA WILLIAMS against Jason Jenkins - at any time between January 1, 2010 and July 12, 2011.

## INTERROGATORY NO. 2.

For each such individual listed in response to Interrogatory No. 1, including all its subsections, list each and every:

(a)    Civilian complaint made against such individual (including, by whom, when, where, and the allegations made);

(b)    Disciplinary charge incurred by such individual (including by whom, when, where, and the allegations made);

©    Charges, if any, made against such individual, including, but not limited to, arrests, criminal charges, and/or convictions (including by whom, when, where, and the allegations made);

(d)    All other legal actions brought against each such individual, and, for each such action, state by whom it was brought, in which court it was brought, the outcome, and whether an injunction or restraining order was ever issued against such individual;

(e)    Internal Affairs investigation conducted in which said individual was the subject of the investigation.

## INTERROGATORY NO. 3.

List and identify each and every individual employed or in any way connected with the COUNTY DEFENDANTS involved in the response, restraint, transport, and/or medical care of Plaintiff's decedent between January 1, 2010 and July 12, 2011, including but not limited to, those individuals named as defendants in this action. For each such individual, list the following:

(a)    Name;

(b)    Rank;

©    Title;

(d)    Badge number;

(e)    Serial number;

-7-

(f)     To whom he/she reported;

(g)     The manner in which such individual was involved (i.e., what his/her role was, and what duties or actions he/she carried out);

(h)     The date and time of such involvement; and,

(I)     Whether the individuals are still employed or in any other way connected to the Defendants.

## INTERROGATORY NO. 4.

For each such individual listed in response to Interrogatory No. 3, identify any and all

medical complaints made, or medical evaluations, examinations, or procedures performed upon

Plaintiff's decedent by any and all Defendant Officers and/or employees and agents of the

COUNTY between January 1, 2010 and July 12, 2011 incidents as alleged in the complaint, and

for each, identify any and all forms or documents produced in connection therewith.

## INTERROGATORY NO. 5.

For each individual listed in response to Interrogatory No. 1, No. 2. and No.3, list what

training such individual has received, if any, relating to:

(a)     Police protocol, procedure and/or custom for treating injured victims in an emergency situation;

(b)     Police protocol, procedure and/or custom regarding arrests of an individual wherein violations of Stay Away Order of Protection are alleged;

©       Police protocol, procedure and/or custom regarding arrests of an individual wherein a 911 call is received alleging violations of a Refrain From/Do Not Harass Order of Protection;

(d)     Police protocol, procedure and/or custom regarding arrests of person wherein complaining witness(es) request that an individual be arrested;

(e)     Police protocol, procedure and/or custom as it relates to record keeping, radio runs, memo book entries and/or any other form of memorializing information when a 911 call is received alleging violations of a Refrain From/Do Not Harass Order of Protection;

(f)     Police protocol, procedure and/or custom as it relates to record keeping, radio runs, memo book entries and/or any other form of memorializing information when a 911 call is received alleging violations of a Stay Away Order of Protection;

(g)     Police protocol, procedure and/or custom as it relate to police response to hostage,

-8-

or potential, hostage situations; and

(h)    Protocol, procedure and/or custom regarding cooperation, or lack thereof, of complaining witnesses and/or victims in criminal matters

## INTERROGATORY NO. 6.

List and identify each and every individual employed or in any way connected with the COUNTY DEFENDANTS, whom exchanged documents, statements, directives, memos, notes, reports, correspondence, records, files, transmission or communications of any kind produced by the SUFFOLK COUNTY POLICE DEPARTMENT, relating to the order of protection filed against Jason Jenkins by SANTIA WILLIAMS in Family Court of the State of New York located in Suffolk County, bearing Docket No.O-11209-11, File No. 119321, dated June 28, 2011, including but not limited to, those individuals named as defendants in this action. For each such individual, list the following:

(a)    Name;
(b)    Rank;
©    Title;
(d)    Badge number;
(e)    Serial number;
(f)    To whom he/she reported;
(g)    The manner in which such individual was involved (i.e., what his/her role was, and what duties or actions he/she carried out);
(h)    The date and time of such involvement; and,
(I)    Whether the individuals are still employed or in any other way connected to the Defendants.

## INTERROGATORY NO. 7.

Please identify any and all 911 operators whom received 911 calls placed by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order

of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1,

2010 and July 12, 2011.

## INTERROGATORY NO. 8.

Please identify the following, as it existed in the COUNTY OF SUFFOLK, between January

1, 2010 and July 12, 2011:

    (a)    Police protocol, procedure and/or custom for treating injured victims in an emergency situation;

    (b)    Police protocol, procedure and/or custom regarding arrests of an individual wherein violations of Stay Away Order of Protection are alleged;

    ©    Police protocol, procedure and/or custom regarding arrests of an individual wherein a 911 call is received alleging violations of a Refrain From/Do Not Harass Order of Protection;

    (d)    Police protocol, procedure and/or custom regarding arrests of person wherein complaining witness(es) request that an individual be arrested;

    (e)    Police protocol, procedure and/or custom as it relates to record keeping, radio runs, memo book entries and/or any other form of memorializing information when a 911 call is received alleging violations of a Refrain From/Do Not Harass Order of Protection; and

    (f)    Police protocol, procedure and/or custom as it relates to record keeping, radio runs, memo book entries and/or any other form of memorializing information when a 911 call is received alleging violations of a Stay Away Order of Protection; and

    (g)    Police protocol, procedure and/or custom as it relate to police response to hostage, or potential, hostage situations; and

    (h)    Protocol, procedure and/or custom regarding cooperation, or lack thereof, of complaining witnesses and/or victims in criminal matters

## INTERROGATORY NO. 9.

List all documents, including any and all police forms/reports, any and all medical forms/

reports, filled out and/or processed relating to SANTIA WILLIAMS and/or Jason Jenkins related to

incidents between January 1, 2010 and July 12, 2011 alleged in Plaintiff's Complaint, and for such

documents, list:

    (I)    who filled it out and/or processed it; and,

(ii)    for what purpose it was filled out and/or processed

(iii)    the date in which it was processed

## INTERROGATORY NO. 10.

List all documents, including any and all police forms/reports, any and all medical forms/ reports, filled out and/or processed relating to the COUNTY DEFENDANTS' response to the scene of any and all calls placed by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS - at any time between January 1, 2010 and July 12, 2011, and for such documents, list:

(I)    who filled it out and/or processed it; and,

(ii)    for what purpose it was filled out and/or processed

(iii)    the date in which it was processed

## INTERROGATORY NO. 11.

List all individuals identified as witnesses to any and all incidents, between January 1, 2010 and July 12, 2011, alleged in plaintiff's complaint. For each individual listed:

a)    Provide the name, address, age, telephone number and position of each individual when he/she witnessed any portion of any incidents alleged in plaintiff's complaint,

b)    Identify verbatim, the contents of any statements made by the witnesses to, or in the presence of, the COUNTY DEFENDANTS regarding any incidents between January 1, 2010 and July 12, 2011, and/or Jason Jenkins and/or SANTIA WILLIAMS, and identify whether the statement was oral or written, and the place and time that the statement was made.

c)    Identify verbatim, the contents of any statements known to the COUNTY DEFENDANTS, that were made by the witnesses to any individual incidents between January 1, 2010 and July 12, 2011, and/or Jason Jenkins and/or SANTIA WILLIAMS, and identify whether the statement was oral or written, and the place and time that the statement was made.

**INTERROGATORY NO. 12.**

Please explain and identify any and all policies, procedures, rules, regulations, orders, special orders, custom, and/or anything else that would otherwise be classified as a directive, formulated, adopted, designed, promulgated, implemented and/or utilized by the SUFFOLK COUNTY POLICE DEPARTMENT and SUFFOLK COUNTY SHERIFF'S DEPARTMENT in relation to:

(a) police protocol, procedure and/or custom for treating injured victims in an emergency situation;

(b) police protocol, procedure and/or custom regarding arrests of an individual wherein violations of Stay Away Order of Protection are alleged;

(c) police protocol, procedure and/or custom regarding arrests of an individual wherein violations of a Refrain From/Do Not Harass Order of Protection are alleged;

(d) police protocol, procedure and/or custom regarding arrests of person wherein complaining witness(es) request that an individual be arrested;

(e) police protocol, procedure and/or custom in responding to hostage, or potential, hostage situations; and

(f) protocol, procedure and/or custom regarding cooperation, or lack thereof, of complaining witnesses and/or victims in criminal matters

For each, please state what, if any, training and education is provided to officers, agents and employees of the SUFFOLK COUNTY POLICE DEPARTMENT and SUFFOLK COUNTY SHERIFF'S DEPARTMENT to ensure compliance with these policies and procedures.

**INTERROGATORY NO. 13.**

For each year beginning in January 1, 2010 and ending on July 12, 2011, please identify and describe each and every individual encounter and/or communication between the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE, its agents and/or officers, and the deceased, SANTIA WILLIAMS. For each

incident, state the following:

  (I)     date of occurrence and/or communication;
  (ii)    nature of occurrence and/or communication;
  (iii)   the related file Number, Complaint No. Or Docket No., if any;
  (iv)    the names of all officers and/or district attorneys involved;
  (v)     the name and date of birth of the person complained about; and
  (vi)    disposition of said complaint, investigation and/or case.

## INTERROGATORY NO. 14.

For each year beginning in January 1, 2010 and ending on July 12, 2011, please identify and

describe each and every individual encounter between the SUFFOLK COUNTY POLICE

DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK

COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS

OFFICE, its agents and/or officers, and Jason Jenkins. For each incident, state the following:

  (I)     date of occurrence;
  (ii)    nature of occurrence;
  (iii)   the related file Number, Complaint No. Or Docket No., if any;
  (iv)    the name and date of birth of the complaining witness(es);
  (v)     whether there was an Order of Protection issued against Jason Jenkins in relation to
          this matter. If the answer is in the affirmative,
          a)    please state the specific details of the order of protection;
          b)    please state the date of the Order of Protection;
          c)    please state the expiration o the Order of protection;
          d)    please state whether Jason Jenkins was ever charged with violating the Order
                of Protection;
          e)    please list the date and time of any and all contact made to the SUFFOLK
                COUNTY POLICE DEPARTMENT by Complainant or Complainant's family
                regarding the alleged violation of the Order of Protection, and list the name of
                the person that initiated the contact.

  (vi)    the names of all officers and/or district attorneys involved; and
  (vii)   disposition of said complaint, investigation and/or case.

## INTERROGATORY NO. 15.

Explain and identify any and all policies and procedures adopted by the Office of the

-13-

SUFFOLK County Medical Examiner that are used to determine the time of death and the manner of death. Please state:

(I)     what protocol exists for considering contributing factors;
(ii)    what protocol exists for giving special consideration to the context of a fatal medical event; and
(iii)   the verbatim contents of any and all procedures, or attach copies hereto.

## INTERROGATORY NO. 16.

Please state whether any Defendant obtained and/or has in their possession any photographs, motion pictures, or visual representations depicting SANTIA WILLIAMS and/or Jason Jenkins taken at any time between January 1, 2010 and July 12, 2011 or since the incident on July 12, 2011, setting forth the following:

(I)     total number of photographs, motion pictures, or other visual representations;
(ii)    date on which each photograph, motion picture, or other visual representation was taken;
(iii)   identity of each person who participated in the preparation of each photograph, motion picture and/or other visual representation;
(iv)    location where each photograph, motion picture, and/or other visual representation was taken;
(v)     a description of any activities of the Plaintiff, or any other individual depicted therein;
(vi)    identity of each person who was a witness to any of the activities depicted in any photograph, motion picture, or other visual representation.

## INTERROGATORY NO. 17.

Identify whether Jason Jenkins, any agent of Jason Jenkins, or a member of his family, ever acted as an Informant(s) and/or entered into a cooperation agreement with the COUNTY DEFENDANTS, or an agent of the COUNTY during their lifetime. If the answer is in the affirmative, please provide:

(I)     The name, address, relationship to Jason Jenkins, date of birth and telephone number of the person who acted as Police Informant(s) and/or entered into a cooperation agreement;
(ii)    The nature of the relationship between the person(s) referenced in (I) and the

-14-

SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY
SHERIFF'S DEPARTMENT ;
(iii)    The nature of the relationship between the person(s) referenced in (I) and the
SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE;
(iv)    The specific date that this relationship commenced; and
(v)     The specific date in which the relationship terminated.

## INTERROGATORY NO. 18.

State whether the defendants, their attorneys, or any person employed by the defendant or

their attorneys have possession of or know of the existence of any books, records, reports, documents,

notes, summaries, drafts, questionnaires, lists, logs, other items made in the ordinary course of

business, printed or documentary material, photographs, video tapes, drawings or documents, or other

tangible objects that describe, record, or are otherwise relevant to the arrest, prosecution and detention

of Jason Jenkins between January 1, 2010 and July 12, 2011, involving Jason Jenkins and SANTIA

WILLIAMS. If the answer is in the affirmative, give:

    a) The name or description of each such item;
    b) The name and address of each person who made or prepared each such item;
    c) The name and address of the present custodian of each such item;
    d) The date, time, and place where each such item was made or prepared;
    e) The method by and purposes for which each such item  was made or prepared;
       and
    f) The manner in which each such item describes,  records, or is otherwise relevant
       to Jason Jenkins and SANTIA WILLIAMS .

## INTERROGATORY NO. 19.

If the answer to interrogatory No. 16 is in the affirmative, state whether the defendants have

any knowledge of any item mentioned therein being altered in any manner, lost, or destroyed since

this cause of action arose, or after each such item was initially made or prepared.  If the answer is in

the affirmative, list:

    a)       the name or description of each such item that was  altered, lost, or destroyed;

-15-

b) the circumstances under which each such item was altered, lost, or destroyed;

c) the date, time, and place each such item was altered, lost, or destroyed;

d) the person or persons responsible for the alteration, loss, or destruction of each such item; and

e) the name and address of each person who has knowledge of the contents or nature of each item that was lost or destroyed.

## INTERROGATORY NO. 20.

Identify and any all communications and attempted communications made between SANTIA WILLIAMS and any agent of the COUNTY, including but not limited to the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE regarding:

a) Any criminal matter involving Jason Jenkins

b) The SUFFOLK County Family Court Proceeding involving Jason Jenkins bearing Docket No.O-11209-11, File No. 119321, dated June 28, 2011; and

c) A report filed with the SUFFOLK County Police Department with regards to a Domestic Incident Report made on July 4, 2011;

d) Any other criminal matters wherein SANTIA WILLIAMS made allegations against Jason Jenkins.

## INTERROGATORY NO. 21.

With respect to the communications referenced in Interrogatory No. 16., please identify:

a) The nature of this communication;

b) The initiator of that communication;

c) The date, time, and place of that communication;

d) The person or persons who requested such communication;

e) The name and address of each person who has knowledge of this communication;

f) Specifically and in detail, as accurately as each Defendant can remember, the exact sequence of events that occurred subsequent to their initial communication, encounter or contact with SANTIA WILLIAMS.

-16-

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 1.

Provide true and accurate copies of all documents that were used to support Defendants' responses to Plaintiff's First Set of Interrogatories, and all other related documents.

### REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 2.

Provide true and accurate copies of all personnel files of each of the Defendants, including, but not limited to, all records, interviews, memoranda, or other documents contained in or made a part of the personnel records or other files wherever kept, of Defendant Officers, and all of the individuals listed in Plaintiff's complaint, that were or are currently maintained by Defendants or any of its departments, agencies, or employees, including, without limitation, complaints concerning conduct as a police officer, disciplinary or internal police review of activities as a police officer, records of training, education, instruction, tutoring and psychiatric evaluations.

### REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 3.

All documents relating to the occurrences alleged in the complaint (which is inclusive of occurrences in or around March, 2011, June 20, 2011, June 28, 2011, July 4, 2011, July 6, 2011, July 11, 2011, July 12, 2011), including, but not limited to:

        a.    Police reports;
        b.    Witnesses' statements;
        c.    Arrest reports;
        d.    Item inventories;
        e.    Medical records;
        f.    Memo book entries;
        g.    Video or audio tapes;
        h.    Photos taken of Plaintiffs' decedent;
        I.    Audio recordings and written records of all emergency services calls.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 4.

Provide true and accurate documentation relating to each and every policy, procedure, rule, regulation, order, special order, custom, and/or anything else that would otherwise be classified as a directive, in effect between January 1, 2010 and July 12, 2011, formulated, adopted, designed, promulgated, implemented and/or utilized by the COUNTY DEFENDANTS relating to situations wherein a victim/Complaining Witness alleges a violation of and Order of Protection.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 5.

Provide true and accurate documentation relating to each and every policy, procedure, rule, regulation, order, special order, custom, and/or anything else that would otherwise be classified as a directive, in effect between January 1, 2010 and July 12, 2011, formulated, adopted, designed, promulgated, implemented and/or utilized by the COUNTY DEFENDANTS relating to emergent medical treatment of victims.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 6.

Provide true and accurate documentation relating to each and every policy, procedure, rule, regulation, order, special order, custom, and/or anything else that would otherwise be classified as a directive, in effect between January 1, 2010 and July 12, 2011, formulated, adopted, designed, promulgated, implemented and/or utilized by the COUNTY DEFENDANTS relating to cooperation of complaining witnesses and/or victims in criminal matters.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 7.

Provide true and accurate copies of all police personnel identification photographs of

Defendant Police Officers and the individuals listed in response to any Interrogatory.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 8.

Provide true and accurate copies of all photographs, if any, of the Plaintiff's decedent and of the place where Plaintiff's decedent was found on July 11, 2012, in the possession of the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE any of its personnel, employees or any other COUNTY agency which depict the scene of the incident as alleged in Plaintiff's Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 9.

Provide true and accurate copies of all documents, including but not limited to personnel logs and memo book entries concerning activities of the agents, representatives and/or members of the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE who were responsive to the scene of the incident on July 11, 2012.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 10.

Provide all 911 calls placed by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and July 12, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 11.

Provide true and accurate copies of all documents, including but not limited to notes, radio runs, logs, personnel logs and memo book entries, concerning activities of the agents, representatives and/or members of the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE who were responsive to any 911 calls made by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and July 12, 2011..

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 12.

Provide true and accurate copies of ALL DOCUMENTS, including, but not limited to, entire personnel file, and directives, memos, bulletins, records and reports, RELATING TO performance ratings and evaluations of Defendant Officers and any other personnel who were responsive to the scene of any incident involving SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and July 12, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 13.

Provide true and accurate copies of ALL DOCUMENTS, including, but not limited to, entire personnel file, and directives, memos, bulletins, records and reports, RELATING TO performance ratings and evaluations of Defendant Officers and any other personnel who were responsive to any 911 calls made by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and July 12, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 14.

Provide true and accurate copies of all documents, including, but not limited to, all logs, memoranda, directives, bulletins, and/or reports, memorializing and/or detailing internal police disciplinary action, or otherwise contemplated disciplinary action, as and against Defendant Officers and/or any other personnel of the COUNTY who were responsive to any incident involving SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and July 12, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 15.

Provide true and accurate copies of all documents, including, but not limited to, all memoranda, directives, bulletins, and/or reports, detailing internal police disciplinary action, or

otherwise, as and against Defendant Officers and/or any other personnel of the COUNTY who were responsive to any 911 calls made by SANTIA WILLIAMS, her family members, representatives, and/or anyone that called law enforcement on SANTIA WILLIAMS' behalf in relation to Jason Jenkins and or in relation to violations of any order of protections by Jason Jenkins in relation to SANTIA WILLIAMS- at any time between January 1, 2010 and July 12, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 16.

Provide true and accurate copies of any and all documents and all statements, directives, memos, notes, reports, correspondence, records, files, transmission or communications of any kind produced by the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE in reference to training, classes, instruction, tests, seminars, exercises, policy or procedure regarding the proper care and transportation of patients experiencing medical emergencies, in effect between January 1, 2010 and July 12, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 17.

Provide true and accurate copies of any and all documents and all statements, directives, memos, notes, reports, correspondence, records, files, transmission or communications of any kind produced by the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE in reference to the order of protection filed against

-22-

Jason Jenkins by SANTIA WILLIAMS in Family Court of the State of New York located in Suffolk County, bearing Docket No.O-11209-11, File No. 119321, dated June 28, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 18.

Provide true and accurate copies of any and all documents and all statements, directives, memos, notes, reports, correspondence, records, files, transmissions or communications of any kind originating from or being received by any and all medical personnel and any and all Defendants, agents, employees, servants or assignees regarding the transportation and subsequent medical reviews and examinations of SANTIA WILLIAMS between January 1, 2010 and July 12, 2011 by any all medical respondents, officers, agents and employees of the COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT AND/OR SUFFOLK COUNTY SHERIFFS DEPARTMENT.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 19.

Provide true and accurate copies of any and all correspondence by and between any and all named Defendants regarding the death, cause of death, examination, procedures conducted, samples, tests, test results, evaluations, opinions, autopsy report and/or autopsy of SANTIA WILLIAMS, and any and all source material used regarding the listed Cause of Death and the time of death.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 20.

Provide true and accurate copies of any and all documents and files, including any and all grand jury minutes which were made to the public related to these cases, from the SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT

and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE file pertaining to Jason Jenkins and any contact between Jason Jenkins and the COUNTY DEFENDANTS. The response to this request should include, but is not limited to, the entire SUFFOLK COUNTY POLICE DEPARTMENT and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT and/or the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and/or SUFFOLK COUNTY ATTORNEYS OFFICE file related to incidents that occurred between January 1, 2010 and July 12, 2011 involving Jason Jenkins, including but not limited to:

a) The SUFFOLK County Family Court Proceeding involving Jason Jenkins bearing Docket No.O-11209-11, File No. 119321, dated June 28, 2011; and
b) A report filed with the SUFFOLK County Police Department with regards to a Domestic Incident Report made on July 4, 2011;
c) Any other criminal matters wherein SANTIA WILLIAMS made allegations against Jason Jenkins; and
d) Any other encounters with the criminal justice system in the County of SUFFOLK.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 21.

Provide paper and electronic copies, in searchable PDF form or OCR text format, of any electronic data communication, including but not limited to emails, text messages and cellular phone communications amongst and between SUFFOLK COUNTY Police Officers, SUFFOLK COUNTY SHERIFF'S officers and District Attorneys and or County Attorneys, and any other agents of the COUNTY regarding SANTIA WILLIAMS and/or Jason Jenkins related to any incident between January 1, 2010 and July 12, 2011, and any and all allegations made in Plaintiff's Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 22.

Provide paper and electronic copies, in searchable PDF form or OCR text format, of any information regarding any electronic data communication, including but not limited to emails, text

-24-

messages and, between SUFFOLK COUNTY Police Vehicles and any agents of the COUNTY between January 1, 2010 and July 12, 2011, and any other relevant dates listed in Plaintiff's Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 23.

Provide paper and electronic copies, in searchable PDF form or OCR text format, of all items responsive to Plaintiff's Interrogatories and Document Demands that originated in electronic format and were maintained and kept in electronic format in the ordinary course of business.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 24.

Provide paper and electronic copies, in searchable PDF form or OCR text format, of any and all electronic email relating to the investigations done by any County, Police or other department and or unit (i.e. IAB) related any incidents between January 1, 2010 and July 12, 2011, and any and all allegations made in Plaintiff's Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 25.

Provide paper and electronic copies, in searchable PDF form or OCR text format, of any and all electronic want all printouts as to GPS location of all the police cars and where they were on the dates in question in the Complaint between January 1, 2010 and July 12, 2011, including but not limited to June 20, 2011, July 4, 2011, July 5, 2011, July 11, 2011, July 12, 2011.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 26.

Provide complete, true and accurate copy of SUFFOLK COUNTY POLICE DEPARTMENT INTERNAL AFFAIRS UNIT's and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT INTERNAL AFFAIRS UNIT's Investigation Report related to the death of SANTIA WILLIAMS and any and all allegations in Plaintiff's Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 27.

Provide complete, true and accurate copy of all documents, including but not limited to notes, memos, reports,, etc. related to the disciplinary review phase of the SUFFOLK COUNTY POLICE DEPARTMENT INTERNAL AFFAIRS UNIT's and/or SUFFOLK COUNTY SHERIFF'S DEPARTMENT INTERNAL AFFAIRS UNIT's Investigation related to the death of SANTIA WILLIAMS and any and all allegations in Plaintiff's Complaint.

Dated: Hempstead, New York
       November 26, 2012

THE LAW OFFICES OF FREDERICK K. BREWINGTON

By: _____
Frederick K. Brewington, Esq.
Attorneys for Plaintiff
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

TO: Office of the County Attorney
    County of SUFFOLK

-26-

# EXHIBIT F

# COUNTY OF SUFFOLK



**STEVEN BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**PAUL J. MARGIOTTA**
**ACTING COUNTY ATTORNEY**

**DEPARTMENT OF LAW**

February 1, 2013

Frederick Brewington, Esq.
Law Office of Frederick Brewington.
556 Peninsula Boulevard
Hempstead, NY 11550

Re: Phyllis Coleman/Estate of Santia Williams v. County of Suffolk
     CV-12-3509 (DRH)(ARL)

Dear Mr. Brewington:

Enclosed please find paperwork from the Suffolk County Police Department Homicide Section's investigation relating to the above captioned matter. Photos relating to this investigation and the crime scene video have been requested and will be provided once received by this office. Also enclosed is paperwork from the Suffolk County Sheriff's Department and Suffolk Police Department Domestic Incident reports regarding Ms. Williams and Jason Jenkins. Copies of police radio transmissions and 911 calls relating to these incidents have been requested and will be provided upon receipt. A formal response to your request for interrogatories and production of documents will be provided shortly. If you have any questions regarding the enclosed documents please call me at (631) 853-5717. Thank you.   .

Very truly,

PAUL J. MARGIOTTA
ACTING SUFFOLK COUNTY ATTORNEY

Brian C. Mitchell
Assistant County Attorney

BCM/mar
Encl.



**LOCATION**
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY

**MAILING ADDRESS**
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099

(631) 853-4049
TELECOPIER (631) 853-5169

# EXHIBIT G

## Precilla Lockett

**From:** Mitchell, Brian <Brian.Mitchell@suffolkcountyny.gov>
**Sent:** Sunday, March 17, 2013 4:05 PM
**To:** Precilla Lockett
**Subject:** RE: Coleman/Estate of Santia Williams v. County of Suffolk - Docket No.: 12-3509

Precilla,

I have ordered many of the items requested in your interrogatories including photos and the scene video and various rules and procedures.

In my efforts to gather information it has come to my attention that there are other incidents/calls that may exist. Some of these calls involved addresses different than those provided in your interrogatories or had names different than the involved parties (possibly due to misspellings). I have requested the paperwork and related 911 or radio calls for those events. As I receive these documents I will provide them to you. I don't know if it would be fruitful to provide you a formal response to your requests until I have gathered all these items. In addition, the Family Court file for the requested Order of Protection may be confidential. In my experience parties to the family court proceeding have access to the file but otherwise it is confidential. I will check with the clerk of Family Court to see what they need to provide copies (ie. unsealing order or subpoena).

It may turn out that the Family Court file will be easier to access through the plaintiff than by my office. I will let you know as soon as I get an answer.

Needless to say there are a number of events that relate to Ms. Williams and Mr. Jenkins with varying levels of Suffolk Police involvement. I am making all efforts to identify and gather all documents or tapes that are discoverable. I know that Mr. Brewington is on trial with my office but I would like to discuss the discovery process with him once the case is over. I do not object to providing much of the requested information or documents, however it will be necessary to extend the time to do so in order to produce the material in a thorough fashion. Please call me at (631) 853-5717 if you would like to discuss the issue further. Thank you.

Brian Mitchell

### PRIVILEGED & CONFIDENTIAL

### ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT

### INTER-OFFICE/INTRA-AGENCY COMMUNICATION

### NOT SUBJECT TO FOIL DISCLOSURE/NOT FOR DISTRIBUTION

CONFIDENTIALITY NOTICE: This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

**From:** Precilla Lockett [mailto:precilla.lockett@brewingtonlaw.com]
**Sent:** Wednesday, March 13, 2013 10:51 AM
**To:** Mitchell, Brian
**Subject:** Coleman/Estate of Santia Williams v. County of Suffolk - Docket No.: 12-3509

Hi Brian:

I trust all is well. Attached you will find pdf copies of the documents provided to this office on February 1, 2013, consisting of:

- Suffolk County Police Department Homicide Section's investigation paperwork
- Suffolk County Sheriff's Department paperwork
- Suffolk Police Department Domestic Incident Reports paperwork

It is requested that you have these documents bates stamped, for easier identification, and send back to this office.

In addition, please provide this office with copies of the photos relating to the investigation and crime scene video, as well as a formal response to our interrogatories and document requests.

Thank you for your kind cooperation.

**PRECILLA LOCKETT, J.D.**
LAW OFFICES OF
FREDERICK K. BREWINGTON
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959
e-mail: precilla.lockett@brewingtonlaw.com

CONFIDENTIALTY NOTE: The information contained in this e-mail transmission is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender at (516) 489-6959, or by reply e-mail, and destroy all copies of the original message. Thank you.

# EXHIBIT H

**COUNTY OF SUFFOLK**



STEVEN BELLONE
SUFFOLK COUNTY EXECUTIVE

DEPARTMENT OF LAW

**DENNIS M. BROWN**
**COUNTY ATTORNEY**

April 26, 2013

Frederick Brewington, Esq.
Law Office of Frederick Brewington.
556 Peninsula Boulevard
Hempstead, NY 11550

Re: Phyllis Coleman/Estate of Santia Williams v. County of Suffolk
CV-12-3509 (DRH)(ARL)

Dear Mr. Brewington:

Enclosed please find five (5) additional CDs with a corresponding printout for additional incidents relating to the claim. I am still awaiting the police paperwork from these events and will provide that to you shortly. Below is a breakdown of all of the incidents (including those for which CDs and paperwork have been previously provided); the CC# for each event, and the officer or officers involved.

December 31, 2010     **CC# 10-691578**
                      CD and paperwork provided on April 3, 2013
                      P.O Christopher Verwys  5459

March 13, 2011        **CC# 11-118382**
                      CD and paperwork provided on April 3, 2013
                      P.O. Jason Morge   1729

June 13, 2011         **CC# 11-286635**
                      CD and paperwork provided on April 3, 2013
                      P.O. John Brunkard  5692

June 20, 2011         **CC# 11-313352**
(7:00 pm)             CD enclosed – paperwork to follow
                      P.O. Corinne Torres   509

June 20, 2011         **CC# 11-313420**
(7:40 pm)             CD enclosed – paperwork to follow
                      P.O. John McAuley  5534

**RECEIVED**

APR 2 9 2013

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**

**LOCATION**
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY      ◆

**MAILING ADDRESS**
P.O. BOX 6100
HAUPPAUGE, NY  11788-0099      ◆

(631) 853-4049
TELECOPIER (631) 853-5169

June 23, 2011  **CC# 11-318363**
CD provided on April 3, 2013
No paperwork other than field report enclosed
P.O. Nicholas Aspromgos  5683; Sgt. James Brosco  1174

June 25, 2011  **CC# 11-322763**
Paperwork enclosed – CD to follow
P.O. John McAuley,  5534

July 4, 2011  **CC# 11-343621**
CD and paperwork provided on April 3, 2013
P.O. James O'Callaghan  1523; Sgt. Eric Paton 962

July 5, 2011  **CC# 11-345119**
(1:01 am)  CD enclosed – paperwork to follow
P.O. Sammy Saleh  5657

July 5, 2011  **CC# 11-345488**
(7:45 am)  CD enclosed – paperwork to follow
P.O. Gregory Pouletsos 549

July 5, 2011  **CC# 11- 347088**
(9:20 pm)  CD and paperwork provided on April 3, 2013
P.O. Luis Ruiz  5804

July 6, 2011  **CC# 11-347408**
CD enclosed – paperwork to follow
P.O. Frank Ortiz  5550

July 12, 2011  **CC# 11-322763**
CD and paperwork provided on April 3, 2013
Event of claim

The 911 call and radio transmissions for the June 25, 2011 incident have been requested and will
be provided upon receipt. If you have any questions regarding the enclosed documents please
call me at (631) 853-5717.  Thank you.

Very truly,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY

Brian C. Mitchell
Assistant County Attorney

BCM/
Encl.

# EXHIBIT I

### THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Ira Fogelgaren
Gregory Calliste, Jr.
Valerie M. Cartright
Johanna C. David

June 17, 2013

**BY FAX and BY MAIL**
Brian Mitchell, Esq.
Suffolk County Attorney
100 Veterans Memorial Highway, 6th floor
Hauppauge, New York 11788

> Re:   Coleman v. Suffolk County et al.
>         Docket No: CV-12-3509 (DRH) (ARL)

Dear Mr. Mitchell:

We hope this letter finds you well. After reviewing the items that you have provided thus far, we note that the items include several reports and audio recordings, however they are incomplete and in several cases we have indication of reports existing but no reports were provided. In other instances it appears that audio recordings were made and should exist, but those are missing.

Our evaluation of the limited items provided demonstrates that Defendants have failed to respond to single Interrogatory of which there were 21, and have failed to fully respond to the 27 document requests which we served on your office on November 26, 2012. We are now six (6) months past the time when your responses should have been provided and we now demand that you provide this office with immediate full responses without objections or claims of privilege . We remind you that, FRCP 33 and 34 clearly states that you have waived any and all objections and privileges through your failure to comply with timely discovery. This is also asserted in Fed. Rules Civ.Proc.Rules 26(b)(5), 26(7), 28 U.S.C.A., which states, "Failure to produce a privilege log or production of an inadequate privilege log may be deemed a waiver of the discovery privilege." "Any other result would... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." Eldaghar v. City of New York Dep't of Citywide Admin. Servs., 02CIV.9151(KMW)(HBP), 2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003). Thus, any objection which you would raise at this time to Document Demands are waived.

The fact that you provided us with items without Bates numbers on them and without asserting what requests they were responsive to, is equally problematic. Accordingly, we

Brian Mitchell, Esq.
June 17, 2013
Page 2

will provide you with one week to fully respond to our multiple interrogatory requests and provide us with each and every document which has been requested in our demands. If we do not have these responses in hand on or before June 25, we will have no alternative but to inform the Court of this dispute and file a motion to compel the production of the responses and items which were made over half a year ago. As were my telephone conversations with you several months ago, this letter is a good faith attempt to avoid having the Court involved in this matter.

This letter will reach you before the letter sent to you by mail by Mr. Cory Morris, J.D. of this office who was writing to introduce himself and inform you of the fast approaching discovery deadline. Should you wish to discuss this matter, we look forward to speaking with you.

Sincerely,

FREDERICK K. BREWINGTON

FKB:pl

# EXHIBIT J

**Fred Brewington**

| | |
|---|---|
| **From:** | Victoria Roberts |
| **Sent:** | Thursday, June 27, 2013 6:01 PM |
| **To:** | Fred Brewington |
| **Subject:** | Fwd: Coleman stipulation of confidentiality |
| **Attachments:** | Coleman Stip of confidentiality.pdf; ATT00001.htm |

Sent from Victoria's IPhone

Begin forwarded message:

> **From:** "Mitchell, Brian" <Brian.Mitchell@suffolkcountyny.gov>
> **Date:** June 27, 2013, 11:43:41 AM EDT
> **To:** Victoria Roberts <office@brewingtonlaw.com>
> **Subject: Coleman stipulation of confidentiality**

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT

INTER-OFFICE/INTRA-AGENCY COMMUNICATION

NOT SUBJECT TO FOIL DISCLOSURE/NOT FOR DISTRIBUTION

Victoria,

As we discussed, I will be providing Mr. Brewington with a copy of the Suffolk County Internal Affairs report regarding the Santia Williams matter. However, it will first be necessary to execute a stipulation of confidentiality before the report can be provided. Please have Mr. Brewington review the attached proposed stipulation and if he agrees with its content sign and return to me. I will then send a copy of the report to your office. I can be reached at (631) 853-5717. Thanks.

Brian C. Mitchell

CONFIDENTIALITY NOTICE: This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

1

# EXHIBIT K

# COUNTY OF SUFFOLK



**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. BROWN**
COUNTY ATTORNEY

**DEPARTMENT OF LAW**

July 7, 2013

Frederick Brewington, Esq.
Law Office of Frederick Brewington.
556 Peninsula Boulevard
Hempstead, NY 11550

Re: <u>Phyllis Coleman/Estate of Santia Williams v. County of Suffolk</u>
     CV-12-3509 (DRH)(ARL)

Dear Mr. Brewington:

As a supplement to the defendants response to your request for interrogatories and documents in the above captioned matter enclosed please find the following:

Suffolk County Sheriff's Department Police Directives and Rules and regulations relating to Emergency Operations; Medical Emergencies; Police Operations -Orders of Protections; Police Operations- Domestic incidents; Police Operations – Gun Call Guidelines.   Suffolk County Police Department Rules and Regulations are being gathered and will be provided shortly.

Also enclosed please find a CD with the Medical Examiners photographs and X-Ray record relating to the autopsy of Ms. Williams.   Please note that there are some photos of the scene. Separate photos of the scene were taken by the Suffolk County Police Department.   These photos have also been requested and will be provided to you upon receipt.

If you have any questions regarding the enclosed documents please call me at (631) 853-5717. Thank you.

Very truly,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY

Brian C. Mitchell
Assistant County Attorney
Encl.

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY      ✦      MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099      ✦      (631) 853-4049
TELECOPIER (631) 853-5169

EXHIBIT L

# COUNTY OF SUFFOLK



STEVEN BELLONE
SUFFOLK COUNTY EXECUTIVE

DENNIS M. BROWN
COUNTY ATTORNEY

DEPARTMENT OF LAW

July 24, 2013

Frederick Brewington, Esq.
Law Office of Frederick Brewington.
556 Peninsula Boulevard
Hempstead, NY 11550

Re: <u>Phyllis Coleman/Estate of Santia Williams v. County of Suffolk</u>
    CV-12-3509 (DRH)(ARL)

Dear Mr. Brewington:

As a supplement to the defendants response to your request for interrogatories and documents in the above captioned matter enclosed please find a CD containing Suffolk County Police Department Crime Scene photos relating to the events of the claim. This is in response to interrogatory # 16 and your request for documents #3h.

If you have any questions regarding the enclosed CD please call me at (631) 853-5717. Thank you.

Very truly,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY

Brian C. Mitchell
Assistant County Attorney
Encl.

RECEIVED

JUL 25 2013

LAW OFFICES OF
FREDERICK K. BREWINGTON

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY

◆

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099

◆

(631) 853-4049
TELECOPIER (631) 853-5169

# COUNTY OF SUFFOLK



**RECEIVED**

JUL 2 6 2013

**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
DEPARTMENT OF LAW

**DENNIS M. BROWN**
COUNTY ATTORNEY

July 24, 2013

Frederick Brewington, Esq.
Law Office of Frederick Brewington.
556 Peninsula Boulevard
Hempstead, NY 11550

Re: <u>Phyllis Coleman/Estate of Santia Williams v. County of Suffolk</u>
    CV-12-3509 (DRH)(ARL)

Dear Mr. Brewington:

In reviewing the radio transmissions relating to the several contacts between the Suffolk Police and Ms. Williams, it has been determined that additional officers (**names in bold**) have been identified as having been involved in the following calls:

| | |
|---|---|
| June 20, 2011<br>(7:00 pm) | **CC# 11-313352**<br>P..O. Corinne Torres  509  (previously identified)<br>**P.O. Jason Morge #1729**<br>**P.O. Miguel Vias # 5671** |
| June 20, 2011<br>(7:40 pm) | **CC# 11-313420**<br>P.O. John McAuley  5534 (previously identified)<br>**P.O. John Mercurio # 5414** |
| July 5, 2011<br>(7:45 am) | **CC# 11-345488**<br>P.O. Gregory Pouletsos  549 (previously identified)<br>**P.O. Nicholas Aspromgos # 5683**<br>**P.O. John Brunkhard # 5692** |
| July 6, 2011 | **CC# 11-347408**<br>P.O. Frank Ortiz  5550 (previously identified)<br>**P.O. Valentine Rosado # 5801** |

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY          ✦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099          ✦

(631) 853-4049
TELECOPIER (631) 853-5169

Please let me know if you wish to depose any of these officers and I will arrange to make them available.   Do not hesitate to call me at (631) 853-5717 if you have any questions regarding the above information.

Very truly yours,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY

Brian C. Mitchell
Assistant County Attorney

# EXHIBIT M

# Mrs. Phyllis Coleman
# 156 Grand Boulevard
# Brentwood, New York 11717

July 11, 2013

Clerk of the Family Court
Suffolk County Family Court
400 Carleton Avenue
Central Islip, NY 11722

> Re:    Coleman v. Suffolk County et al.
> <u>Docket No: CV-12-3509 (DRH) (ARL)</u>

Dear Sir / Madam:

I am the Administrator of the Estate of Santia Williams, my daughter. Currently, there is an action pending in the Federal District Court relating to the death of my daughter. By this notarized letter, I am requesting that you make the files and documents regarding my daughter's complaints, proceedings, applications and all other Court documents available to both my attorneys, the Law Offices of Frederick K. Brewington, and the Suffolk County Attorney's Office. This authorization is for the purpose of discovery in the abovementioned matter. In that regard, attached to this letter is a copy of my Letters of Administration issued by the Surrogate's Court.

Should you have any questions or concerns, please do not hesitate to contact my attorneys at (516)-489-6959. Thank you very much for your anticipated cooperation.

Sincerely,

PHYLLIS COLEMAN

Subscribed and sworn to before me
this _____ day of July, 2013

NOTARY PUBLIC

Enclosure
cc:    Brian Mitchell, Esq.
       Frederick K. Brewington, Esq.
PC:cm

VICTORIA ROBERTS
NOTARY PUBLIC, State of New York
NO. 01RO6177987
Qualified in Nassau County
My Commission Expires November 19, 20__

At a Surrogate's Court of the State of New
York held in and for the County of Suffolk at
Riverhead, New York.

PRESENT: Hon. John M Czygier Jr, Surrogate

---

**Administration Proceeding, Estate of
Santia N Williams**

**DECREE GRANTING
ADMINISTRATION
WITH LIMITATIONS
File No. 2012-2012**

---

Deceased.

---

A verified petition having been filed by Phyllis Coleman praying that administration of the goods, chattels and credits of the above-named decedent be granted to Phyllis Coleman and all persons named in such petition, required to be cited, having been cited to show cause why such relief should not be granted, have either failed to appear in response to a served citation or having waived the issuance of such citation and consented thereto; and it appearing that Phyllis Coleman is in all respects competent to act as administrator of the estate of said deceased; now it is

ORDERED AND DECREED, that Letters of Administration issue to Phyllis Coleman upon proper qualification and the filing of a bond be and hereby is dispensed with; and it is further

ORDERED AND DECREED, that the authority of such administrator be restricted in accordance with, and that the letters herein issued contain, the limitation(s) as follows:

Limitations/Restrictions:
That as to the cause of action for wrongful death set forth in the petition, the authority of the fiduciary is limited and restricted to prosecution and settlement thereof, and the defense of any claim or actions arising therefrom. Except as provided under EPTL 5-4.6, the fiduciary as well as any attorneys who represents them, are restricted and prohibited from receiving or distributing any money resulting therefrom, without further order of this court.

DATED: **6/20/12**

FILED
SURROGATE'S COURT
SUFFOLK COUNTY

JUN 2 0 2012

MICHAEL CIPOLLINO
CHIEF CLERK

John M Czygier Jr
Surrogate

# Surrogate's Court of the County of Suffolk

On the Date Written Below LETTERS OF LIMITED ADMINISTRATION were granted by the Surrogate's Court of Suffolk County, New York as follows:

File #: 2012-2012

Name of Decedent: **Santia N Williams**

Date of Death: 07-12-2011

Domicile: **County of Suffolk**

Type of Letters Issued: **LETTERS OF LIMITED ADMINISTRATION**

Fiduciary Appointed: **Phyllis Coleman**

Limitations:
That as to the cause of action for wrongful death set forth in the petition, the authority of the fiduciary is limited and restricted to prosecution and settlement thereof, and the defense of any claim or actions arising therefrom. Except as provided under EPTL 5-4.6, the fiduciary as well as any attorneys who represents them, are restricted and prohibited from receiving or distributing any money resulting therefrom, without further order of this court.

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: June 20, 2012

IN TESTIMONY WHEREOF, the seal of the Suffolk County Surrogate's Court has been affixed.

WITNESS, Hon John M Czygier Jr, Judge of the Suffolk County Surrogate's Court

*Michael Cipollino*

Michael Cipollino, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Suffolk County Surrogate's Court*

# EXHIBIT N

THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Ira Fogelgaren
Gregory Calliste, Jr.
Valerie M. Cartright
Johanna C. David

July 19, 2013

**BY FAX and BY MAIL**
Brian Mitchell, Esq.
Suffolk County Attorney
100 Veterans Memorial Highway, 6th floor
Hauppauge, New York 11788

                    Re:     Coleman v. Suffolk County et al.
                            <u>Docket No: CV-12-3509 (DRH) (ARL)</u>

Dear Mr. Mitchell:

        As you are aware, we are the attorneys representing the Plaintiff in the above-referenced matter. As per our e-mail correspondence earlier today, we eagerly anticipate the receipt of the Family Court file relating to Ms. Santia Williams, the Suffolk County Police Department Rules and Procedures and Suffolk County Police Department crime scene photographs. Further, in regards to the Internal Affairs report, we feel that it is relevant and should be provided to the office. If you feel it should be confidential I would ask that you send over a sample protective order which we may consider in order to resolve the dispute.

        Upon information and belief, there are missing 911 phone calls by both Santia Williams and Ms. Coleman which have not been provided to this office. Further, amongst other things, we do not know whether the officers involved in this matter have been the subject of civilian, police or internal affair complaints. While we appreciate what you have provided to the office so far, we are still in need of documentation relating to a number of our requests and have not received any documentation with bates number identification.

        As you are aware, Judge Lindsay extended the deadline for completion of all discovery to August 30, 2013 and ordered that "[o]n or before July 31, 2013, the County Defendants shall respond to all outstanding discovery and shall clearly identify in each submission, the specific Interrogatory or Document Request it responds to with bates number identification." As the documents provided to our office do not contain bates numbering or any clear indication to which Interrogatory or Document Request to which it responds, I ask that you comply with the Judge's order.

*Brian Mitchell, Esq.*
*July 19, 2013*

Thank you for your anticipated cooperation and please contact me should you have any concerns.

Sincerely,

CORY MORRIS, J.D.

2

# EXHIBIT O

THE  LAW  OFFICES  OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Ira Fogelgaren
Gregory Calliste, Jr.
Valerie M. Cartright
Johanna C. David

July 25, 2013

**BY FAX and BY MAIL**
Brian Mitchell, Esq.
Suffolk County Attorney
100 Veterans Memorial Highway, 6th floor
Hauppauge, New York 11788

Re:  Coleman v. Suffolk County et al.
Docket No: CV-12-3509 (DRH) (ARL)

Dear Mr. Mitchell:

As you are aware, we are the attorneys representing the Plaintiff in the above-referenced matter. As per our phone conversation today, we still have not received either the Family Court file relating to Ms. Santia Williams or the Suffolk County Police Department Rules and Procedures. We did receive the Suffolk County Police Department crime scene photographs on CD today. Further, in regards to the Internal Affairs report, there is no question that it is relevant and that it should be provided to our office. Our position is that it should be provided to us without signing a confidentiality order, especially in light of the continued delays in the discovery process. Accordingly, we will give you three (3) business days, that being until Wednesday, July 31, 2013, before taking appropriate action with the Court.

Additionally, as we discussed on the phone, a recent review of our discovery request reveals that Interrogatory Number 2, subsection (e) requests that "[f]or each individual listed in response to Interrogatory No. 1, including all of its subsections, list each and every...Internal Affairs investigation conducted in which said individual was the subject of the investigation" be provided to our office. (*See Plaintiff's First Set of Interrogatories and Document Request, Page 7*). Accordingly, you should not pick and choose which Internal Affairs investigations are relevant to the case but, rather, provide each and every Internal Affairs investigation as it relates to the persons responsive to Interrogatory Number 1.

As you are aware and as I reminded you in my letter dated July 19, 2013, Judge Lindsay extended the deadline for the completion of all discovery to August 30, 2013 and ordered that "[o]n or before July 31, 2013, the County Defendants shall respond to all outstanding discovery and shall clearly identify in each submission, the specific

**Brian Mitchell, Esq.**
*July 25, 2013*

Interrogatory or Document Request it responds to with *bates number identification*." These are not my orders but the Judge's. While I appreciate your offer to identify the documents and review them with me, I would be remiss if I did not refer you to and ask that you follow Judge Lindsay's instruction, that being of clearly identifying each submission with bates number identification.

    Thank you for your anticipated cooperation and please contact me should you have any concerns.

                    Sincerely,

                    CORY MORRIS, J.D.

# EXHIBIT P

**Cory Morris**

| | |
|---|---|
| **From:** | Mitchell, Brian <Brian.Mitchell@suffolkcountyny.gov> |
| **Sent:** | Wednesday, July 31, 2013 2:06 PM |
| **To:** | Cory Morris |
| **Subject:** | Coleman/Williams reply letter |
| **Attachments:** | Letter atty moris IA report.pdf |

Mr. Morris,

Please see my attached letter in reply to your correspondence of July 25th.   As you'll see, we believe the case law is clear regarding the confidentiality of the IAB report and would ask that you reconsider your position and voluntarily enter into a stipulation of confidentiality.   I am also awaiting the names of the officers you intend to add as defendants.   I am reaching out to all of the identified officers to see if they will agree to have my office accept service (which they almost always do).   However, it would be helpful if you could send me a copy of the proposed amended complaint or at least a list of the names of the officers you intend to add.

I have received a copy of the crime scene video and that is being sent out to you today.   You have mentioned that there may be 911 calls that you believe exist but have not been provided.   I am only aware of one call that remains outstanding and that is the 911 call made on June 25, 2011.   That recording should be provided to you in the next few days.   If you have additional information that leads you to believe there may be other calls please let me know and I will attempt to locate them. However, other than the June 25, 2011 call I am not aware of any other calls that exist have not been provided.   Thanks.

Brian


PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT

INTER-OFFICE/INTRA-AGENCY COMMUNICATION

NOT SUBJECT TO FOIL DISCLOSURE/NOT FOR DISTRIBUTION


CONFIDENTIALITY NOTICE: This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

# COUNTY OF SUFFOLK



**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. BROWN**
COUNTY ATTORNEY

**DEPARTMENT OF LAW**

July 31, 2013

Cory Morris, Esq.
Law Office of Frederick Brewington.
556 Peninsula Boulevard
Hempstead, NY 11550

Re: Phyllis Coleman/Estate of Santia Williams v. County of Suffolk
    CV-12-3509 (DRH)(ARL)

Dear Mr. Morris:

Please accept this letter in response to your correspondence of July 25, 2013 regarding the issues of the disclosure of the Suffolk County Internal Affairs Report relating to the facts underlying the claim, and the production of prior internal affairs investigations of police officers that have been identified as having had some contact with Ms. Williams.

Regarding the Internal Affairs Report relating to the instant claim; as we discussed, the defendants do not object to providing a copy of the report to your office. However, it is our position that the report should, *inter alia*, be maintained as a confidential document among the parties, that it be used solely for the purpose of this litigation and that the information therein not be made available to any other persons. With this in mind, a proposed stipulation of confidentiality was provided to your office for review on June 27, 2013.

Initially Mr. Brewington indicated that he did not believe the report should be kept confidential and should not be the subject of a stipulation of confidentiality. Thereafter, in a correspondence dated July 19, 2013, you stated "...in regards to the Internal Affairs report, we feel that it is relevant and should be provided to the office. If you feel it should be confidential I would ask that you send over a sample protective order which we may consider in order to resolve the dispute." You also sent me an e-mail indicating the same. As per your request, on July 22, 2013 I again provided a proposed draft stipulation of confidentiality. Based upon your representations, it appeared you may have been reconsidering your position regarding the confidentiality of the report.

On July 24, 2013, by way of e-mail you indicated "I am in receipt of the proposed confidentiality order and have looked it over with Mr. Brewington. As you know, we are still on trial in Brooklyn. I hope to get back to you tomorrow with our position on the order." We then spoke on the evening of July 25, 2013 and attempted to come to a resolution of the issue but were unable to do so. We did, however, agree that you would write a letter confirming your position

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY        ✦

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099        ✦

(631) 853-4049
TELECOPIER (631) 853-5169

that the report should not be confidential, and that my office would respond within three business days, prompting the instant correspondence.

I only mention this chronology of events because you refer to "delays in the discovery process" as a ground for why the report should not be confidential. Clearly, any delay in production of the report since June 27, 2013 has been occasioned by your office as you contemplated your final position regarding confidentiality.

Turning to the actual dispute regarding whether the report should be the subject of a confidentiality order, the defendants submit that the case law in this Circuit is rather clear that it should be considered confidential. No doubt, your office is intimately familiar with the analysis and holding of Magistrate A. Kathleen Tomlinson in her decision granting a protective order to the County of Nassau in the matter of Dorsett v. County of Nassau, 762 F.Supp.2d 500, (E.D.N.Y., January 14, 2011 (NO. CV 10-1258 ADS AKT), and the subsequent affirmance of that decision by District Judge Arthur Spatt. (CV 10-1258, ADS AKT, Docket Entry N0. 110, E.D.N.Y. August 8, 2011). Based upon Magistrate Tomlinson's analysis and the precedent cited within her decision, the defendants submit that the Internal Affairs Report in this case would similarly be considered confidential, and a request for a protective order would be granted by the Court. With this in mind, we request that you reconsider your position regarding the confidentiality of the report and voluntarily agree to enter into a stipulation of confidentiality relating to its production and use. In the event you choose to maintain your position that the report should not be considered confidential, the defendants will be forced to engage in what we believe will be the completely unnecessary and time consuming process of seeking a protective order from Magistrate Lindsay.

As for the second matter raised in your letter July 25, 2013, you seek from the defendants "for each individual listed in response to Interrogatory No.1…each and every…Internal Affairs investigation conducted in which said individual was the subject of the investigation." As noted in our response to Interrogatory No. 7, in the event that any officer is named as a defendant in this action, prior complaints relating to that officer in their capacities as members of the Suffolk County Police Department that are relevant to the nature of the claim (failure to protect and or/due process violation) for the five years prior to the incident have been requested and will be provided upon receipt and upon appropriate redaction.

The defendants submit that providing the prior complaints of named defendant officers that relate to the nature of the claim and involve allegations of similar misconduct is completely consistent with the law in this Circuit. It is well settled that a plaintiff is not entitled to complaints of *all* conduct against a defendant officer. Rather, in a § 1983 civil rights action "against the police, police internal investigations files are discoverable when they involve allegations of similar misconduct." Morales v. Town of Glastonbury 2011 WL 3490080, 2 (D.Conn.) (D.Conn.,2011; Gibbs v. City of New York, No. CV–06–5112 (ILG)(VVP), 2008 U.S. Dist. LEXIS 8111, 4–5, 2008 WL 314358 (E.D.N.Y. Feb. 4, 2008) ; Morales v. Town of Glastonbury 2011 WL 3490080, 2 (D.Conn.) (D.Conn.,2011); Young v. City of New York et al., 2010 WL 3938372. No. CV-10- 1701( RMB)(THK). Accordingly, we do not object to providing you with prior complaints against named defendant officers that involve allegations of similar misconduct regardless of the outcome of those investigations.

In conjunction with the above, on July 24, 2013 person from your office called and asked if the County would accept service of an amended complaint in the above matter for several newly

named officers.  The person I spoke to was not aware of the exact number or names of the officers that were being added as defendants.   I asked that she send a copy of the proposed amended complaint to me so that I could initiate the process of contacting the prospective defendant officers to get their permission to accept service on their behalf.   To date I have not received a copy of the amended complaint and as such I do not know which officers are being named as defendants.  Notwithstanding, all officers that have been identified as having had some contact with Ms. Williams are being contacted to determine if they will agree to have the County accept service on their behalf.   Obviously, this task would be made easier if you would kindly identify the police personnel that you intend to add as defendants.

In addition, I have also requested the prior Internal Affairs history of all identified officers in anticipation that they may be named as defendants.   Again, having the proposed amended complaint, or at least a list of the officers to be named would greatly assist in compiling the information which we have agreed to provide to your office.

If you have any questions regarding the above please call me at (631) 853-5717.  Thank you.

Very truly yours,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY

Brian C. Mitchell
Assistant County Attorney