UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PHYLLIS COLEMAN,

                    Plaintiff,                  **ORDER**
                                                                                       CV 12-3509 (DRH)(ARL)

        -against-

COUNTY OF SUFFOLK, et al.,

                    Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is plaintiff's letter application dated July 31, 2013, seeking a pre-motion conference for leave to file a formal motion to compel pursuant to Fed. R. Civ. P. 37(a) and to seek sanctions based on defendants' alleged production of discovery documents in piece-meal fashion and without Bates Numbering Identification and their failure to comply with plaintiff's discovery requests and this court's Order dated July 9, 2013.  The County Defendants have opposed the application by letter dated August 1, 2013, contending that with one exception, viz. the Suffolk County Internal Affairs report, they have fully complied and produced those responsive documents in their possession.

      The County Defendants have represented in their response letter that they (i) have made good faith efforts to furnish the discovery requests to plaintiff as soon as they received the evidence and have continually communicated with plaintiff's counsel with respect to the production of discoverable material; (ii) have fully complied with the undersigned's Order dated July 9, 2013; and (iii) have produced Suffolk Police Department rules and regulations and policy standards and Suffolk Family Court File.  With respect to plaintiff's reference concerning the Suffolk Police Department rules and regulations and policy standards and the Suffolk Family Court File relating to events surrounding the claim, the County Defendants represent that although they produced the materials on July 19, 2013, plaintiffs had not received the documents. Upon learning of this, the County Defendants offered to provide a second copy and mailed the documents to plaintiff's counsel on July 26, 2013.  The documents were received by plaintiff on July 31, 2013 at 11:34 a.m., approximately eight (8) hours before plaintiff filed the instant application.  Local Rule 37.3 and the undersigned's individual rules require the attorneys for the respective parties to fully confer in good faith either in person or by telephone in an effort to resolve the disputes and/or narrow the issues prior to seeking judicial intervention.  It is clear by the parties' applications that they have been unable to resolve their issues.  Accordingly, the parties are directed to appear for a status conference before the undersigned on **August 20, 2013 at 2:00 p.m**.  Plaintiff's application for a pre-motion conference in order to seek sanctions is denied.

Dated: Central Islip, New York                    **SO ORDERED:**
       August 8, 2013

                                                                 _____/s_____
                                                                   ARLENE R. LINDSAY
                                                                   United States Magistrate Judge