UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PHYLLIS COLEMAN, individually and as the       Docket No.: CV-12-3509
Administratix of the Estate of SANTIA N. WILLIAMS,      (DRH) (ARL)

    Plaintiffs,

    -against-      **CONFIDENTIALITY STIPULATION**

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY SHERIFFS
DEPARTMENT, and Police Officers And/Or Detectives
JOHN AND JANE DOES 1 - 10, and Deputy Sheriffs
JOHN AND JANE DOES 11- 20,

    Defendants.
---------------------------------------------------------------X

1. This stipulation applies to all parties and their attorneys with respect to the production of documents that contain confidential information.

2. It is, accordingly, hereby agreed and stipulated that:

(a) Counsel is defined to mean the Offices of Frederick K. Brewington, Esq., attorneys for the plaintiff, and the Office of Dennis M. Brown, County Attorney of Suffolk County, attorneys for the defendants, those employees and agents and any person in the employ of counsel necessary to assist in this litigation, including consultants and experts.

(b) Confidential document is defined to mean Suffolk County Police Department Internal Affairs Bureau investigation files and their attendant attachments. This is not intended to include any document which memorializes receipt of the initial civilian complaint, including the complaining document itself, if any. In the event the internal affairs investigation was initiated by a complaint from a civilian, that initial citizen's complaint shall not be considered confidential. Information contained within the Internal Affairs Bureau file relating to a civilian or civilians who initiated the complaint may be used by the parties in furtherance of the litigation

for the purpose of contacting or interviewing those individuals provided that any such individual that wished to remain anonymous would have his or her name redacted. Documents must be identified as confidential at the time it is produced and any failure to do so shall be considered a waiver of confidentiality. Further, such documents will not be deemed confidential if the Court determines that the documents or any portion of the documents are not entitled to confidentiality.

(c) The defendants will produce for inspection and use one copy of each confidential document to counsel. Counsel is prohibited from making their own copy of any confidential document or portions thereof given to counsel pursuant to this stipulation, except for: (1) use as an exhibit to a paper filed in this litigation under paragraph (g); (2) for internal working copies to be utilized by counsel; (3) documents which are no longer deemed confidential under paragraph (i); and (4) for use at depositions or trial.

(d) All portions of each document disclosed consist of confidential material to be protected by this stipulation unless otherwise advised by defendants' counsel providing said documents.

(e) Counsel will use the confidential documents solely for the purposes of this litigation, including depositions and trial, and shall not, without the prior written consent of the defendants' counsel, make the confidential documents available to any other person unrelated to the litigation. Counsel may utilize the information contained within the confidential documents for investigative purposes and said information shall not be shared or distributed. If counsel intends to release the documents, prior to the release of any documents designated as confidential, counsel for the plaintiff shall notify defense counsel in writing and thereafter defense counsel, should they seek to oppose said release, shall provide objections in writing no more than five (5) days after receiving notification.

(f) Within five days after the entry of a final judgment in this litigation (including appeals or petitions for review), counsel shall return or destroy all confidential documents which remain confidential and for which no waiver of confidentiality has occurred produced pursuant to this stipulation.

(g) In the event that a party wishes to use a document properly designated as confidential filed in this litigation, such document (or part thereof) shall be filed, upon proper notification and request to the court, under seal and maintained under seal by the Court pursuant to the Court's rules and procedures.

(h) Persons to whom confidential documents are made available under this stipulation are bound by the restrictions contained herein

(i) Counsel for the plaintiff, at any time, may seek the designation of any document or documents previously designated as confidential to no longer be considered confidential and plaintiff does not waive any right to object, oppose, or undesignated any document designated as confidential. This reservation of right shall remain in force for any and all documents no matter when they are designated confidential by the defendants.

(j) It is further understood that this Stipulation be "so ordered" without further notice and may then be enforced as a court order, even after the entry of final judgment in this action. If this Stipulation is "so ordered," a copy will be furnished to counsel upon issuance of said order.

Dated: Hauppauge, New York
August 30, 2013

_____  Valerie M. Cartright  _____
Frederick K. Brewington, Esq.                     Dennis M. Brown
Attorney for Plaintiff                            Attorney for Defendants
Law Offices of Frederick K. Brewington            County of Suffolk
556 Peninsula Boulevard                           P.O. Box 6100
Hempstead, NY 11550                               100 Veterans Memorial
                                                  Highway Hauppauge, New York
                                                  11788-0099

                                              By: _____
                                                  Brian C. Mitchell
                                                  Assistant County Attorney

**S O   O R D E R E D:**
Dated: Central Islip, New York

_____
Hon.            , U.S.M.J.