UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PHYLLIS COLEMAN, individually and as
Administratix of the Estate of SANTIA N.
WILLIAMS,

                              Plaintiffs,                            **ORDER**
                                                                             CV 12-3509 (DRH)(ARL)

        -against-

COUNTY OF SUFFOLK, et al.,
                              Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       The defendants have submitted of copies of Internal Affairs Bureau files of the following Suffolk County Police Officers to the court for *in camera* review: (1) Nicholas Aspromgos, (2) Valentin Rosado, (3) Luis Ruiz, (4) Miguel Vias, (5) John Brunkard, (6) James O'Callaghan, (7) Eric Paton, (8) Frank Ortiz, (9) Jason Morge, (10) John McAuley, (11) Sammy Saleh, (12) John Mercurio, (13) Christopher Verwys, and (14) James Brosco.

       "In a civil rights action against police, police internal investigations files are discoverable when they involve allegations of similar misconduct." *Session v. Rodriguez*, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); *see Gibbs v. City of New York*, No. CV-06-5112 (ILG)(VVP), 2008 WL 314358, at *1 (E.D.N.Y. Feb. 4, 2008) (same). It is "the prevailing practice" of courts in the Second Circuit "to limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint." *Gibbs*, 2008 WL 314358, at *1 (collecting cases); *see also Morales v. Town of Glastonbury,* Civ. No. 3:09cv713(JCH), 2011 WL 3490080, at *2 (D. Conn. Aug. 10, 2011) ("courts permit discovery of substantiated, unsubstantiated or even withdrawn complaints"). Having conducted a comprehensive review of the files submitted *in camera*, the court orders production of the following Internal Affairs Bureau files: (1) Jason Morge: IA No. 2007-0636; (2) Jason Morge: IA No. 2008-0105; (3) Sammy Saleh: IA No. 2013-0286i; (4) Christopher Verwys: IA No. 2004-0225; and (5) Christopher Verwys: IA No. 2006-0168. This production is subject to the parties' confidentiality agreement governing the underlying Internal Affairs Bureau file for this action that was disclosed by defendants.

       The defendants are directed to contact the undersigned's chambers to arrange a time to retrieve these files.

Dated:  Central Islip, New York                      SO ORDERED:
            November 25, 2013

                                                               _____/s_____
                                                               ARLENE R. LINDSAY
                                                               United States Magistrate Judge