UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PHYLLIS COLEMAN,

                Plaintiff,                                 **ORDER**
                                                              CV 12-3509 (DRH)(ARL)

       -against-

COUNTY OF SUFFOLK, et al.,

                Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is plaintiff's letter application dated December 10, 2013, seeking to compel the County Defendants to properly respond to Plaintiff's Requests for Admission pursuant to Fed. R. Civ. P. 36 and/or to deem the County Defendants' problematic responses admitted. Plaintiff also seeks an award of fees and costs incurred in making the motion. The County Defendants have opposed the application by letter dated December 15, 2013, contending that their responses to the plaintiff's request for admissions are sufficient and comply with the requirements of Fed. R. Civ. P. 36. Plaintiff's application is denied subject to further review.

      Fed. R. Civ. P. 36 provides that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(b). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id*. "Generally, qualification is permitted if the statement, although containing some truth, . . . standing alone out of context of the whole truth . . . convey[s] unwarranted and unfair inferences." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) (internal quotation marks and citation omitted).

      "Requests for Admissions are intended to narrow the factual issues of a case." *Biernacki v. U.S.*, No. 11-CV-973(Sr.), 2012 WL 6100291. At *3 (W.D.N.Y. Dec. 7, 2012) (citation omitted). The party who requests the admission "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). "Requests for Admissions are not a discovery device much like interrogatories, demand for documents or depositions, nor are they to be considered substitutions for them." *Id.*; *see Saliga v. Chemtura Corp.*, No. 3:12cv832(RNC), 2013 WL 6097100, at * 3

(D. Conn. Nov. 20, 2013) ("Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because the party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties' unambiguously agree") (citations omitted). "The fact is that parties in litigation conflict." *Saliga*, 2013 WL 6097100, at * 3. "They believe different things and they have different interpretations of both words and events. *Id.* "The party that proffers the requests must recognize that its opponent may read those words differently." *Id.* (citation omitted). Generally, a reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 42 (S.D.N.Y. 1997). That is, [r]easonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Id.* at 43.

Upon review of plaintiff's request for admissions, it appears that many of the requests do not seek information which is readily established and within the County's reach. By way of example, defendants state they cannot admit or deny the following: (a) Question No. 21 - that four phone calls seeking assistance were made by the Williams' family to the Suffolk County Police Department; (b) Question No. 25 - asking the defendants to confirm what was in the mind of Santia Williams when she called 911; (c) Question Nos. 47-50 - seek information which may no longer be available due to the age of this case; and (d) Question Nos. 172 and 173 which seek admissions as to what Santia Williams intended to tell a 911 operator in 2011. On the other hand, it appears the defendants have failed to admit or deny matters which would appear to be within their knowledge. For example Questions 53-56 seek specific information concerning the Suffolk County Sheriff's Office record keeping and appears that a response should be within the defendants' ability to discern. Without the assistance of the parties the court is unable to determine whether the remaining questions are properly framed and/or properly responded to. Accordingly, the parties are directed to appear before the undersigned on **January 7, 2014 at 10:30 a.m.** At that time the parties will conduct a meet and confer in the first instance to review the 399 Requests for Admission and responses thereto with the objective of isolating those questions which, in accordance with these guidelines, seek information within the direct knowledge of defendants. Defendants should be prepared to provide the basis for their denial and objections. Thereafter, the parties may present to the undersigned any remaining areas of dispute that require the court's intervention.

Dated: Central Islip, New York  **SO ORDERED:**
December 17, 2013

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge